**Ex parte Joe Lloyd BROWN, Relator.**

**No. 6002.**

Court of Civil Appeals of Texas, Waco.

Nov. 16, 1978.

W. V. Dunnam, Jr., Dunnam, Dunnam & Dunnam, Waco, for relator.

Michael J. Rogers, Cleburne, for respondent.

## OPINION

McDONALD, Chief Justice.

This is an original habeas corpus proceeding brought pursuant to Article 1824a VATS, in which Relator Joe Lloyd Brown, seeks release from the custody of the Sheriff of Johnson County.

Relator Joe Lloyd Brown and Patricia Brown were divorced August 4, 1976 in the District Court of Johnson County. The decree required relator to pay $200. child support for the parties' minor child, and permanently enjoined the parties "from doing any act to harass or embarrass the other party, and further enjoining any unreasonable physical or nonphysical contact between the parties".

On July 28, 1978 Patricia Brown filed "Motion to Modify and Petition for Contempt" in which she sought increase of child support from relator to $300. per month; alleged relator was in arrears on his child support; and further alleged that on January 13, 1978 relator "ran [her] off of a highway and later on the same day * * physically broke into [her] home in Richardson, Texas, and physically abused [her] to the extent [she] was hospitalized; and that [Relator] had wilfully disobeyed the orders of the court".

The trial court after hearing rendered judgment on October 12, 1978 which:

1) decreed relator in contempt for failing to make child support payments ordered in the August 4, 1976 decree and fixed

punishment at confinement in the Johnson County jail until he purged such contempt by paying: a) arrearage of $1075.; b) $250. attorney's fees; c) $68. court costs of the proceeding. .

2) decreed relator in contempt "for deliberately causing his automobile to come into collision on January 13, 1978 with the automobile being driven by Patricia Brown and for deliberately causing on January 13, 1978 an unreasonable physical contact between the parties, both in wilful disobedience of the order of  *   * August 4, 1976; and that punishment therefor be fixed  *  *  *  at confinement in the jail of Johnson County, Texas for a period of 15 days".

Relator has paid the $1075. child support arrearage; the $250. attorney's fee and the $68. court costs.

Relator after serving 4 days in jail, filed application for Writ of Habeas Corpus in this Court alleging that he is illegally restrained of his liberty by virtue of the October 12, 1978 decree. Relator alleged he had paid the child support, attorney's fees and costs; that punishment for the physical contact with Patricia Brown on January 13, 1978 was in violation of the prohibition against double jeopardy of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article 1, Section 14 of the Texas Constitution, as he had been tried for the identical physical contact offense, was found guilty, and assessed a fine of $150. and 30 days in jail; and that the October 12, 1978 decree was void.

This Court issued the Writ of Habeas Corpus, ordered relator released on bond, and set hearing for October 23, 1978.

On November 3, 1978 respondent filed supplemental transcript in this Court reflecting that on October 24, 1978 Patricia Brown filed a motion in the District Court of Johnson County for entry of Judgment Nunc Pro Tunc pursuant to Rule 316 TRCP. The trial court after hearing such motion entered Judgment Nunc Pro Tunc in lieu of the October 12, 1978 judgment, decreeing:

1) Relator in contempt of court for failing to pay child support decreed by the August 4, 1976 judgment, assessed confinement in the Johnson County jail until he: a) pay $1075. arrearage in child support; b) $250. attorney's fee; c) $68. court costs; and confinement in the Johnson County jail for 15 days.

2) Relator in contempt for "deliberately causing his automobile to come into collision on January 13, 1978 with the automobile driven by Patricia Brown, and for deliberately causing on January 13, 1978 an unreasonable physical contact with Patricia, both in wilful disobedience of the decree of August 4, 1976; and fixed punishment for such at confinement in the Johnson County jail for 15 days.

3) Both 15 day confinements should run concurrently.

The October 12, 1978 order under which relator was confined and from which confinement relator sought release by this Court on Writ of Habeas Corpus, provides that relator could purge himself of the contempt for child support arrearage by paying such sum, attorney's fees and court costs, which relator has paid. Such order further holds relator in contempt for causing his automobile to collide with Patricia's and for deliberately causing an unreasonable physical contact with Patricia, both in wilful disobedience of the August 4, 1976 decree; and fixes punishment for these two acts at 15 days confinement in jail.

The proof showed relator was tried and convicted in County Criminal Court # 6, Dallas County for the January 13, 1978 unreasonable physical contact with Patricia and fined $150. and assessed 30 days in jail.

■ Contempt actions are criminal in nature. And the procedure therein should conform as nearly as practicable to criminal procedure. *Ex Parte Genecov*, 143 Tex. 476, 186 S.W.2d 225.

■ And the Fifth Amendment prohibition against double jeopardy precludes relator's punishment by contempt proceeding for what he has already been punished for under the state laws in the criminal proceeding. *People of New York v. Menna*, 38 N.Y.2d 850, 382 N.Y.S.2d 56, 345 N.E.2d

599; *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195.

Thus relator cannot be held in contempt for the January 13, 1978 unreasonable physical contact.

As noted, the October 12, 1978 judgment decreed relator one penalty, to wit, 15 days in jail for the automobile collision and for the unreasonable physical contact violations.

 Where one penalty is fixed for more than one act of contempt, and it is found relator cannot be held in contempt for one of the acts, as here, the whole judgment is void and a person held under it is illegally restrained of his liberty. *Ex Parte Werner* (Tex.Civ.App. San Antonio) 496 S.W.2d 121; *Ex Parte Turner* (Tex.Civ.App. 1 Houston) 478 S.W.2d 256; *Ex Parte Stanford* (Tex. Civ.App. 1 Houston) 557 S.W.2d 346; *Ex Parte Carpenter* (Tex.Civ.App. 14 Houston) 566 S.W.2d 123; *Ex Parte Harwell* (Tex. Civ.App. Waco) 538 S.W.2d 667.

The October 12, 1978 decree is void and relator's confinement under such decree is thus illegal.

 But on November 2, 1978, the trial court rendered Judgment Nunc Pro Tunc which decreed relator's punishment at *15 days in jail for the arrearage in child support contempt; 15 days in jail for the collision and unreasonable physical contact contempt*; and provided the two 15-day confinements run concurrently.

The trial court action in rendering the Nunc Pro Tunc judgment is a nullity. Once the Writ of Habeas Corpus was granted by this Court and delivered to the restraining officer, the relator was no longer held under the original commitment, but under the direction and authority of this Court. Thereafter no valid order could be entered in the matter by the court making the original commitment, since this Court had obtained jurisdiction of the relator by proceedings in Habeas Corpus. The proceedings in the trial court in rendering the Nunc Pro Tunc judgment were in violation of due process and are void. *Ex Parte Spencer* (Tex.Civ.App. Texarkana) 508 S.W.2d 698;

*Ex Parte Kearby*, 35 Tex.Cr.R. 634, 34 S.W. 962; *Emery v. State*, 57 Tex.Cr.R. 423, 123 S.W. 133.

 Moreover, in a criminal case, the judgment cannot be modified to increase punishment even during the same term of court, if the defendant has commenced service of his imprisonment or paid his fine. *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354.

Benz holdings such rule is based "upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall 'be subject for the same offense to be twice put in jeopardy * * * ' ".

The November 2, 1978 judgment is void for this additional reason.

The relator is ordered discharged.