**Ex parte Kent Marshall DUNCAN, Relator.**

**No. 01–90–00570–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 13, 1990.

Robert B. Todd, Houston, for relator.

Susan Myres, Houston, for real party in interest.

Before EVANS, C.J., and DUNN and O'CONNOR, JJ.

## OPINION

PER CURIAM.

Relator, Kent Marshall Duncan, complains that he is being illegally restrained for his failure to pay child support pursuant to an order suspending his commitment and placing him on probation signed by the judge of the 308th District Court of Harris County. Duncan is presently in arrears for more than $23,000 in child support.

Duncan and the real party in interest, Miriam L. Diebold, divorced in 1982. On October 31, 1986, Duncan was ordered to pay Diebold $600 per month in child support, with $300 due on the first and fifteenth of each month.

In February 1990, Diebold filed a motion to enforce the October 31, 1986 child support order by contempt, and to confirm arrearage and render judgment. The motion specifically alleged, as to each date of contempt, the amounts due and paid. The motion further alleged that, as of February 15, 1990, Duncan was in arrears in his child support obligation in the amount of $22,-440.

On March 28, 1990, the trial court signed an order finding Duncan in contempt for violating its October 31, 1986 order to pay child support. The trial court's March 28, 1990 order specifically set out the time, date, and place of each occasion that Duncan failed to comply with the October 31, 1986 order to pay child support. The trial court further found that as of March 15, 1990, Duncan was in arrears in his child

support obligation in the amount of $23,040. The trial court also found that Duncan had the ability to make each child support payment as it became due, and that Duncan currently had the ability to pay the entire arrearages that were due. The trial court ordered Duncan confined until he paid the entire arrearages, attorney fees, and costs. Duncan was confined for approximately 50 days pursuant to this order.

On May 2, 1990, Duncan filed in the trial court an application for a writ of habeas corpus claiming that his confinement was illegal because he did not have the current ability to pay the entire arrearages of $23,040. On May 22, 1990, the trial court signed an order granting Duncan's application for a writ of habeas corpus, found that Duncan did not have the current ability to pay the entire arrearages of $23,040, and ordered him released. The trial court, however, reaffirmed its earlier findings contained in its March 28, 1990 order that Duncan had the ability, but failed to pay each child support payment as it became due, and that he was in contempt for his failure to make these payments. The trial court assessed punishment at confinement in the Harris County jail for six months, and "there to remain from day to day until Relator has complied." Duncan was not confined pursuant to this order. Duncan does not challenge the trial court's finding that he had the ability to pay each child support payment as it became due.

On June 6, 1990, the trial court signed another order suspending its May 22, 1990 order of commitment, and placed Duncan on probation for five years. The relevant terms and conditions of Duncan's probation are: (1) that he pay his current child support obligation in accordance with the trial court's October 31, 1986 order, that is $600 per month by paying $300 on the first and fifteenth of each month, and (2) that he pay off the arrearages ($23,040) by paying $100 on the fifteenth of each month until the arrearages are paid in full.

1. Probation as a restraint justifying habeas corpus relief

■ In points of error one and two, Duncan asserts that probation is a sufficient restraint on liberty to permit the filing of a writ of habeas corpus. We agree. *Ex parte Conner*, 746 S.W.2d 527, 528 (Tex. App.—Beaumont 1988) (orig. proceeding); *see also Ex parte Calhoun*, 127 Tex. 54, 57, 91 S.W.2d 1047, 1048 (1936) (to justify granting habeas corpus relief, there must be some restraint precluding absolute and perfect freedom of action).

As part of the terms and conditions of Duncan's probation, Duncan is required to report to a probation officer at least once a month, and he cannot travel outside of Harris County without permission from the court. We hold these terms and conditions of Duncan's probation constitute a sufficient restraint precluding absolute and perfect freedom of action. *Id.*

2. Voidness of the conditions of probation in the June 6, 1990 order

■ In point of error three, Duncan asserts the order of June 6, 1990 is void. We disagree. Where the trial court finds that an obligor is in contempt for failure or refusal to make a payment, the trial court may suspend commitment and place the obligor on probation. Tex.Fam.Code Ann. sec. 14.40(e)(1) (Vernon 1986). This Court may order the release of a relator in a habeas corpus proceeding where the commitment, or the order on which it is based, is void. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980); *Ex parte McKinley*, 578 S.W.2d 437 (Tex.Civ.App.—Houston [1st Dist.] 1979) (orig. proceeding).

■ Duncan's argument appears to be that the conditions of his probation are void because the trial court found, in its May 22, 1990 order, that Duncan was unable to pay the arrearages of $23,040. Thus, we understand Duncan's argument to be that the conditions of his probation, requiring him to pay $100 per month toward the $23,040 child support arrearages and to pay his current child support of $600 per month, are void because he does not have the ability to perform them. These conditions are entirely remedial as an attempt to coerce Duncan into satisfying his child support obligations, and he has the burden to

demonstrate that he does not have the ability to perform them. *Ex parte Rohleder,* 424 S.W.2d 891, 892–93 (Tex.1967); *Ex parte Williams,* 704 S.W.2d 465, 467 (Tex. App.—Houston [1st Dist.] 1986) (orig. proceeding).

The trial court did not order Duncan to pay the entire arrearages of $23,040 as a condition of his probation. The trial court ordered him to pay $100 per month toward the arrearages and to pay his current child support of $600 per month. Duncan does not claim he does not have the ability to pay these amounts.

Citing *Ex parte Brown,* 574 S.W.2d 618, 621 (Tex.Civ.App.—Waco 1978) (orig. proceeding), Duncan asserts the conditions of his probation are void if they ensued from the "punishment" portion of the March 28, 1990 order because that phase of the order is void. He asserts that when the trial court, in its May 22, 1990 order, found the coercive portion of the March 28, 1990 order void, the whole order became void. He also asserts that "if [he] is in any way presumed to be held pursuant to the March 28 order, or any portion thereof, such restraint [probation] is illegal." We overrule Duncan's argument because his restraint is not pursuant to the March 28, 1990 order; it is pursuant to the June 6, 1990 order.

■ Moreover, Duncan's reliance on *Brown* is misplaced. The issue in *Brown* was whether the trial court could impose a definite sentence for criminal contempt where the relator had previously been convicted of an act for which he was held in contempt. 574 S.W.2d at 620–21. The court held that where one penalty is fixed for more than one act of contempt, and it is found relator cannot be held in contempt for one of the acts, the whole judgment is void and a person cannot legally be restrained under it. 574 S.W.2d at 621.

Here, Duncan did not establish that the trial court could not hold him in contempt for any of the acts set out in the March 28, 1990 order. All Duncan contends is that, based on its finding that he did not have the current ability to pay the entire child support arrearages of $23,040, the trial court could not indefinitely confine him until he paid those arrearages.

Even though the trial court, in its May 22, 1990 order, found that the coercive portion of the March 28, 1990 order was void, based on its finding that Duncan did not have the current ability to pay the entire $23,040 in child support arrearages, this does not mean the entire March 28, 1990 order was void. The trial court could have imposed a definite sentence for criminal contempt, based on findings Duncan has not challenged, that Duncan had the ability but failed to pay each child support payment as it became due. *Ex parte De Wees,* 146 Tex. 564, 567, 210 S.W.2d 145, 147 (1948); *Ex parte Williams,* 704 S.W.2d at 467.

■ Duncan also argues that double jeopardy prohibited the trial court from placing him on probation because he had begun to serve his sentence under the March 28, 1990 order, and the conditions of his probation constitute an increase in his punishment for contempt under the March 28, 1990 order. Duncan cites *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), and *Brown.*

The case of *Brown* does not apply because it involved a situation where a relator was held in contempt for an act for which he had previously been convicted of in a criminal offense. 574 S.W.2d at 620. Such is not the case here.

The case of *Benz* stands for the proposition that a person cannot be subject to double punishment for the same offense, and that a judgment cannot be modified to increase punishment once a defendant has begun to serve his sentence. 282 U.S. at 304, 51 S.Ct. at 113.

Duncan mischaracterizes the nature of his confinement under the March 28, 1990 order as "punishment" for contempt. There was no "punishment" for contempt under this order. His confinement under this order was purely remedial as an attempt to coerce Duncan into satisfying his child support obligations. *Ex parte De Wees,* 146 Tex. at 567, 210 S.W.2d at 146–47. Because no punishment for criminal contempt was imposed in the March 28,

1990 order, the conditions of Duncan's probation do not constitute double punishment for the same offense, and they do not increase his punishment for contempt under the March 28, 1990 order. *Ex parte Brown*, 574 S.W.2d 621; *see also Ex parte Englutt*, 619 S.W.2d 279 (Tex.Civ.App.—Texarkana 1981, orig. proceeding) (confinement for criminal contempt constitutes criminal punishment for double jeopardy purposes).

The terms and conditions of Duncan's probation are not void.

### 3. Discharge of Duncan

In point of error four, Duncan argues that the trial court was required to discharge him from jail, and was precluded from assessing a probated sentence. Based on the foregoing, Duncan is not entitled to a discharge or release from the terms and conditions of his probation.

Duncan has failed to establish his right to relief. Tex.R.App.P. 74(f), 120(b). Accordingly, his petition for a writ of habeas corpus is denied.

### 4. Diebold's attorney's motion to withdraw as counsel

Finally, Diebold's attorney has filed a motion to withdraw as counsel. The motion to withdraw is granted.