In re Stacie Lea RAGLAND, Realtor.

No. 12–98–00159–CV.

Court of Appeals of Texas, Tyler.

July 20, 1998.

Deborah J. Race, Tyler, for relator.

Elizabeth Brice, Nacogodoches, for real-party-in-interest.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

RAMEY, Chief Justice.

Relator Stacie Lea Ragland ("Relator") brings this original habeas corpus proceeding following the trial court's entry of an order of contempt against her for failing to disclose the existence of certain bank account records to the trial court and to Real Party in Interest John Ragland, Jr. ("Ragland"). The trial court assessed punishment at thirty days' confinement in the Nacogdoches County Jail. That sentence, however, was suspended and Relator was placed on probation for a period of one year during which time she was ordered to perform 200 hours of community service at the rate of four hours per week. Although this Court requested that Ragland respond to the petition, he declined to do so. Consequently, we have entertained the petition without benefit of response and determined that the petition should be granted.

### BACKGROUND

In February of 1997, Relator filed a motion to modify conservatorship of the parties' two children over whom she had been sharing joint custody with Ragland. Ragland also sought a custody modification. In conjunction with the custody dispute, in June of 1997, Ragland filed requests for production. Request for Production No. 3 sought production of "all checking account statements (in-

cluding all canceled checks and deposit slips), all savings account statements (including deposit and withdrawal slips) to or from which Stacie Lea Ragland made any deposits or withdrawals for the period of August 4, 1995 to the present date." Relator responded that she did not have these documents in her possession but that her bank had possession of them and she would execute an appropriate release so that Ragland could obtain the documents from her bank. However, instead of signing the release form tendered to her by Ragland, Relator signed a different release which authorized Ragland to access information in conjunction with a single account held in the name of Ashley Michelle Ragland, the couple's daughter. Subsequently, Ragland filed a motion to compel the release of all requested bank documents.

At the December 22, 1997 hearing on Ragland's motion to compel, Relator testified that the only bank account she had was the one listed on the release form she executed. She also stated that she had told the bank to include every account she had, and the only one they listed was Michelle's account. She stated that although the account belonged to her daughter, she was an authorized signatory on that account. At the conclusion of the hearing, the following exchange occurred:

RAGLAND'S COUNSEL: We re-urge this motion to compel. It is necessary to the extent of getting these records. And, again, we truly believe there was [sic] additional records that are not being released.

THE COURT: The only thing I can suggest is you subpoena that bank and ask that bank to come down here.

RAGLAND'S COUNSEL: We have listed them as a fact witness.

THE COURT: If that is not true, I will hold her in contempt.

On January 16, 1998, at a follow-up hearing, it was determined that Relator, in fact, did have another account at the bank which she had failed to disclose. Although Relator testified that she had been unaware that the release she signed did not disclose this additional account, the court found that her failure to disclose the account was intentional and stated that it planned to punish her for

contempt. Relator objected on grounds that there had been neither a pleading seeking contempt nor notice of a contempt proceeding. The court responded stating:

The contempt will come from the Court without any pleading from the party because your client was asked specifically three or four times on the stand. I'm proceeding under Rule 215, Section 6. That is a matter for the Court to take up on its own just because she told something that appears not to be true in court. She was adamant in the hearing as I recall that she had no other account.

Thereafter, the court pronounced punishment as follows:

Ms. Ragland, you will please stand. I find you in direct contempt of the Court. I sentence you to 30 days in jail. You may purge yourself of contempt of Court by performing two hundred hours of community service.

On January 28, 1998, the court signed an Order on Motion to Modify Suit Affecting The Parent–Child Relationship ("Order on Motion to Modify"). A paragraph within that order entitled "Motion for Contempt" reduced the court's contempt holding to writing. It stated:

*MOTION FOR CONTEMPT:*

IT IS ORDERED THAT STACIE LEA RAGLAND is in contempt of court for failing to disclose to Movant and the Court the existence of checking account records in the possession of 1st Service Bank of Chireno, Texas. Pursuant to Texas Rules of Civil Procedure, Rule 215, IT IS ADJUDGED that Stacie Lea Ragland is in contempt of this court, and IT IS ORDERED that punishment is assessed at confinement in the Nacogdoches County Jail of Nacogdoches County, Texas, for a period of thirty (30) days. IT IS FURTHER ORDERED that enforcement of this order is suspended and Respondent, STACIE LEA RAGLAND, is placed on probation for a period of one year on the following term and condition:

Respondent, STACIE LEA RAGLAND, shall complete two hundred (200) hours of community service under the direction and

supervision of the District Probation Department of Nacogdoches County, Texas. Four hours per week.

Subsequently, on June 24, 1998, Relator filed her petition for writ of habeas corpus raising two points of error.

### JURISDICTION AND STANDARD OF REVIEW

 This Court has original jurisdiction over habeas corpus proceedings as set forth in Tex. Gov't Code Ann. § 22.221(d) (Vernon Supp.1998). An original habeas corpus proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967); *Ex parte Tanner*, 904 S.W.2d 202, 203 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding). The function of a writ of habeas corpus is to secure release from unlawful custody. Thus, it must be shown that the contemnor has undergone a restraint of liberty. *Ex parte Crawford*, 506 S.W.2d 920, 921 (Tex.Civ.App.—Tyler 1974, orig. proceeding). Although actual confinement is the typical restraint of liberty, courts have extended the meaning of the term "restraint of liberty" beyond actual imprisonment. The Texas Supreme Court has held that when a contemnor is sentenced to jail and released on bond pending review by habeas corpus, there is sufficient restraint of liberty to justify issuance of the writ of habeas corpus. *Ex parte Williams*, 690 S.W.2d 243, 244 (Tex.1985). The rationale is that imprisonment is not merely a speculative possibility where the unfolding of events may render the controversy moot. *Id.* Courts have also extended the meaning of restraint to include probation. In most of these cases, however, the terms of probation include some type of tangible restraint of liberty. *See, eg., Ex parte Brister*, 801 S.W.2d 833, 834–35 (Tex.1990); *Ex parte Duncan*, 796 S.W.2d 562, 564 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding). Previously, we have held that a probated contempt sentence which merely required the relator to pay child support and attorney fee arrearages, comply with the terms of Temporary Orders, and pay related attorney fees and court costs did not constitute sufficient restraint to entitle him to habeas corpus relief, *Ex parte Hughey*, 932 S.W.2d 308 (Tex.App.—Tyler 1996, orig. proceeding). In the instant case, however, Relator was ordered to perform community service each week for a year under the supervision of the county probation department. We hold that the requirement of weekly community service over the course of a year constitutes a restraint on her liberty entitling her to pursue relief by petition for writ of habeas corpus. Accordingly, we will entertain the petition.

 To obtain habeas corpus relief, Relator must conclusively establish that she is entitled to the writ. *Ex parte Wagner*, 905 S.W.2d 799, 802 (Tex.App.—Houston [14th Dist.] 1995). As the court in *Wagner* noted:

> A court will issue a writ of habeas corpus if the order, judgment, or decree underlying the contempt is void, [citation omitted], or if the contempt order itself is void. [citation omitted]. An order is void if: (1) it is beyond the power of the court to enter it; or (2) it deprives the relator of liberty without due process. *Ex parte Friedman*, 808 S.W.2d 166, 168 (Tex.App.—El Paso 1991, orig. proceeding).

*Wagner*, 905 S.W.2d at 802. *See also Ex parte Kimsey*, 915 S.W.2d 523 (Tex.App.—El Paso 1995, orig. proceeding).

### ANALYSIS OF ISSUES PRESENTED

 Relator first complains that there was neither a written nor an oral order directing her to disclose bank records to Ragland. Consequently, the order of contempt for failure to disclose her bank records is void. Relator is correct. Because the trial court referred to an inapplicable section number of Rule 215 during the hearing, and then failed in its written order to specify the portion of Rule 215 upon which his order was based we can only surmise that it must have been relying upon TEX.R.CIV.P. 215(2)(b). Under that subsection of the rule, the court may impose a variety of sanctions on a party for failing to comply "with proper discovery requests or to obey an order to provide or permit discovery." TEX.R.CIV.P. 215(2)(b) (emphasis added.) Sanctions the court may impose include:

(1) An order disallowing any further discovery of any kind or of a particular kind by the disobedient party;

(2) An order charging all or any portion of the expenses of discovery or taxable court costs or both against the disobedient party or the attorney advising him;

(3) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(4) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(5) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

(6) **In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court *the failure to obey any orders* except an order to submit to a physical or mental examination;**

(7) When a party has failed to comply with an order under Rule 167a(a) requiring him to appear or produce another for examination, such orders as are listed in paragraphs (1), (2), (3), (4) or (5) of this subdivision, unless the person failing to comply shows that he is unable to appear or to produce such person for examination.

(8) In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him, or both, to pay, at such time as ordered by the court, the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Such an

order shall be subject to review on appeal from the final judgment.

TEX.R.CIV.P. 215(2)(b) (emphasis added). As can be seen, under some circumstances, punishment for contempt of court is authorized. TEX.R.CIV.P. 215(2)(b)(6). Those circumstances, however, are limited to the responding party's failure to obey an order regarding discovery.[1] The record before us contains neither a written nor an oral order for production pertaining to Relator's bank records. Consequently, the court had no authority under TEX.R.CIV.P. 215 to hold Relator in contempt for failing to produce or disclose the existence of the requested bank records. While it is conceivable that Relator could have been held in direct contempt of court under TEX. GOV'T CODE ANN. § 21.002 for her misrepresentations, the court's written order provides that the authority for his contempt finding was TEX.R.CIV.P. 215, not Section 21.002. Accordingly, we hold that the paragraph entitled "Motion for Contempt" contained in the trial court's January 28, 1998 Order on Motion to Modify is void. *Wagner*, 905 S.W.2d at 802.

Having made this determination, we need not address Relator's second and final issue presented. Relator's petition for writ of habeas corpus is granted, and she is ordered discharged.

---

1. The supreme court has long held that a judgment or decree must spell out a party's obligations in clear and unambiguous terms before he can be held in contempt for having violated them. *Ex parte Price*, 741 S.W.2d 366, 367 (Tex. 1987); *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967).