TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00488-CR

NO. 03-98-00489-CR

John Leslie Davis, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NOS. B-97-0397-S & B-97-0570-S, HONORABLE BARBARA WALTHER, JUDGE PRESIDING

PER CURIAM

After accepting appellant's pleas of guilty, and after hearing his judicial confessions
and other evidence, the district court found appellant guilty of aggravated sexual assault and
escape. Tex. Penal Code Ann. §§ 22.021(a)(1)(A)(i), (a)(2)(A)(ii) (West Supp. 1999),
38.06(a)(1), (c)(1) (West 1994). The court assessed punishment at imprisonment for fifty-five
years for the former offense, and at imprisonment for ten years for the latter.

Appellant's court-appointed attorney filed a brief concluding that the appeals are
frivolous and without merit. The brief meets the requirements of Anders v. California, 386 U.S.
738 (1967), by advancing contentions which counsel says might arguably support the appeals. See
also Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d
553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy
of counsel's brief was delivered to appellant, and appellant was advised of his right to examine
the appellate record and to file a pro se brief. No pro se brief was filed.

Counsel's first arguable point is that the district court erroneously rendered
judgment nunc pro tunc in the aggravated sexual assault cause. The original judgment in that
cause erroneously recited that the punishment assessed was imprisonment for ten years. After
notice of appeal was given, a judgment nunc pro tunc was prepared and signed correctly reciting
the punishment assessed. A judgment nunc pro tunc may be used to correct a clerical error in the
original judgment. Ex parte Dopps, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986); Curry v.
State, 720 S.W.2d 261, 262 (Tex. App.--Austin 1986, pet. ref'd). Because the record had not
been filed in this Court, the district court had the authority to render the nunc pro tunc judgment. 
See Perkins v. State, 505 S.W.2d 563, 564 (Tex. Crim. App. 1974); Tex. R. App. P. 23.1,
25.2(e). The opinion cited by counsel, Ex parte Brown, 574 S.W.2d 618, 621 (Tex. Civ.
App.--Waco 1978, no writ), is distinguishable because the trial court in that case sought to use
a judgment nunc pro tunc to alter its judicial ruling, and not merely to correct a clerical error.

The second arguable point is that the evidence is factually insufficient to sustain the
punishment assessed in these causes. We agree with other courts of appeals that factual
sufficiency review does not apply to the assessment of punishment. Kanouse v. State, 958 S.W.2d
509, 510 (Tex. App.--Beaumont 1998, no pet.); Flores v. State, 936 S.W.2d 478, 479 (Tex.
App.--Eastland 1997, pet. ref'd). The record before us does not support a conclusion that the
punishment assessed is grossly disproportionate to the offenses. See Harmelin v. Michigan, 501
U.S. 957 (1991); Solem v. Helm, 463 U.S. 277 (1983).

We have reviewed the records and counsel's brief and agree that the appeals are
frivolous and without merit. The judgments of conviction are affirmed.

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed on Both Causes

Filed: January 28, 1999

Do Not Publish