NO. 07-03-0527-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 11, 2004



______________________________




IN RE WALTER WAYNE BOSWELL, RELATOR



_________________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 This is an original habeas corpus proceeding. Relator Walter Wayne Boswell seeks
relief from confinement for civil contempt and from community supervision imposed for
criminal contempt. Relator and real party in interest Traci Denise Boswell were divorced
on September 30, 2002. Traci Denise Boswell filed a Motion for Enforcement and Order
to Appear with the trial court on October 27, 2003. In the motion she alleged that relator
had violated the terms of the divorce decree by drinking alcohol within eight hours prior to
his possession of the children of the marriage, by failing to pay the full amount of child
support when due, and by threatening her with imminent bodily injury.


 A hearing was held on the motion on December 12, 2003. After hearing evidence,
the trial court orally pronounced an order committing relator to the custody of the Randall
County Sheriff for violations of the court's order of September 30, 2002. On that same day
the court signed an order placing relator on community supervision for two years for
criminal contempt. The order does not state the grounds for the contempt, but contains a
list of the conditions of community supervision imposed on relator. No written judgment of
contempt or commitment was entered. Relator was taken into custody and jailed on
December 12. 

 On December 17, 2003, relator filed with this court a petition for writ of habeas
corpus seeking release from confinement. Relator alleged he was being illegally confined
because the court had not signed a written order of contempt or commitment. On
December 18, 2003, the trial court signed a written order holding relator in both civil and
criminal contempt, committing him to county jail for civil contempt and placing him on
community supervision for criminal contempt. (1) The written order also grants a judgment for
child support arrearage in the amount of $14,208.46 plus accrued interest; relator does not
complain of this portion of the order. The December 18 order states that it supersedes the
order signed December 12.

 During oral argument in this court on December 23, 2003, Traci Denise Boswell
conceded that the portion of the order finding relator in civil contempt and ordering his
commitment to county jail was not timely signed and was therefore void. Ex parte Amaya,
748 S.W.2d 224 (Tex. 1988); Ex parte Barnett, 600 S.W.2d 252 (Tex. 1980); see In re
Brown, 114 S.W.3d 7 (Tex.App.-Amarillo 2003, orig. proceeding). 

 Following oral argument, this court granted the writ of habeas corpus, determined
the court's order for civil contempt to be void and ordered the release of relator from
Randall County jail. By letter, the same day, this court requested relator to submit a letter
brief by January 12, 2004 addressing which portions of the trial court's order should remain
effective. Real party in interest was directed to file any reply on or before January 19,
2004. Relator submitted a supplemental brief on January 12. Real party in interest has not
filed a reply. 

 The function of a writ of habeas corpus is to secure release from unlawful custody. 
For a writ to issue, the contemnor must show he has undergone a restraint of liberty. In re
Ragland, 973 S.W.2d 769, 771 (Tex.App.-Tyler 1998, orig. proceeding). Relator asserts
that his community supervision is a sufficient restraint on his liberty to permit our
consideration of his petition for writ of habeas corpus. We agree. 

 While imprisonment is typically the restraint of liberty addressed by a writ of habeas
corpus, courts have extended the meaning of restraint to include some restrictions imposed
by community supervision. Id. Community supervision which requires only making
payments ordered by the court is not a restraint entitling a person to habeas corpus relief.
Ex parte Hughey, 932 S.W.2d 308 (Tex.App.-Tyler 1996, orig. proceeding). Requiring a
person to perform a set amount of community service each week, In re Ragland, 973
S.W.2d at 771, or requiring a person to report monthly to a probation officer and limit travel,
Ex parte Duncan, 796 S.W.2d 562 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding),
are sufficient restraints of a person's liberty to allow consideration of a writ of habeas
corpus. Id; see also In re Pierre, 50 S.W.3d 554, 558 (Tex.App.-El Paso 2001, orig.
proceeding). 

 The terms of community supervision imposed on relator include the following:


 1. Relator is ordered to pay all child support as ordered by the court.


 2. Relator is ordered to report to an officer of the Potter-Randall-Armstrong
Community Supervision and Corrections Department as often as ordered by
the officer or the court. 


 3. Relator is ordered to submit to a drug and alcohol evaluation.


 4. Relator is ordered to furnish proof he attended no fewer than 90 Alcoholics
Anonymous meetings within 90 days of his release from civil commitment.


 5. Relator is ordered to pay a community supervision fee in an amount and
frequency to be determined by the Community Supervision Department or the
court. 


 We find the requirements that he report to an officer of the Potter-Randall-Armstrong
Community Supervision and Corrections Department as often as ordered by the officer or
the court, and furnish proof he attended no fewer than 90 Alcoholics Anonymous meetings
within 90 days of his release from civil commitment to be a restraint on relator's liberty
sufficient for us to consider habeas corpus relief with respect to the criminal contempt
portion of the court's order. 


 Relator's petition for writ of habeas corpus is granted. The provisions ordering
relator's confinement for civil contempt and the provisions ordering his confinement,
suspended, and performance of conditions of community supervision for criminal contempt,
contained in the order entered by the trial court on December 18, 2003, are void. Relator is
discharged from confinement and, except for the payment of child support as ordered by the
court, from performance of the conditions of community supervision.

 

 James T. Campbell

 Justice





1. A copy of the order was filed with this court on December 18, 2003 by relator's
attorney. It was also attached as an exhibit to the supplemental brief filed by relator on
January 12, 2004. Neither a clerk's or reporter's record is part of the record before this
court. 


cked="false" Priority="72" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00481-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
9, 2011

 



 

IN THE INTEREST OF A.P., A.P., A.N.P., AND A.M.P., CHILDREN



 



 

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

 

NO. 35,607; HONORABLE PHIL VANDERPOOL, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellee, the Texas Department of
Family and Protective Services, filed a petition seeking termination of the
parental rights of the biological parents of A.N.P. and A.M.P.[1]  After a three-day trial, a jury rendered a
verdict of termination and the trial court signed an order terminating the
parental rights of the father and mother to A.N.P. and A.M.P.  Appointed counsel for the father and mother
timely filed a statement of appellate points and notice of appeal.

The trial court conducted a hearing
according to Family Code § 263.405(d) to determine if the appeal is
frivolous.  Tex. Fam. Code Ann. §
263.405(d)(1)-(3) (West 2008).  In the resulting
order, it found, based on the appellate points of the father and mother and the
provisions of § 263.405 and Civil Practice & Remedies Code § 13.003(b), an
appeal would be frivolous.  Tex. Fam.
Code Ann. § 263.405(d)(3) (West 2008); Tex. Civ. Prac. & Rem. Code Ann. §
13.003(b) (West 2002).  Notwithstanding
this order, the father and mother may appeal, but the scope of review is
initially limited to the trial courts finding of frivolousness.  Tex. Fam. Code. Ann. § 263.405(g) (West
2008); Lumpkin v. Dept of Family &
Protective Servs., 260 S.W.3d 524, 526 (Tex.App.--Houston [1st Dist.] 2008,
no pet.); In re K.D., 202 S.W.3d 860,
865 (Tex.App.--Fort Worth 2006, no pet.). 
Appointed appellate counsel for the father and mother has filed a motion
to withdraw from the representation on the conclusion the appeal is
frivolous.  He supports the motion with
an Anders brief.[2]  By letter, we offered the father and mother
an opportunity to submit a response to their counsels Anders brief.  Neither has
submitted a response.

We review the trial courts finding
of frivolousness under the abuse of discretion standard.  In re
K.D., 202 S.W.3d at 866.  Applying
that standard, we decide whether the trial court acted without reference to any
guiding rules or principles; that is, whether its decision was arbitrary or
unreasonable.  Lumpkin, 260 S.W.3d at 527 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985)).

Section 263.405(d)(3) of the Family
Code requires the trial court to determine whether an appeal from a final
termination order is frivolous as provided by section 13.003(b), Civil
Practice and Remedies Code.  Tex. Fam.
Code Ann. § 263.405(d)(3) (West 2008). 
Section 13.003(b) provides that, [i]n determining whether an appeal is
frivolous, a judge may consider whether the appellant has presented a
substantial question for appellate review. 
Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (West 2002).  An appeal is frivolous if it lacks an
arguable basis either in law or in fact. 
Lumpkin, 260 S.W.3d at 527.

By comparison, an Anders brief provides assurance to the
appellate court that counsel has thoroughly and conscientiously examined the
record and the applicable law, and has provided the court with the appropriate
facts, procedural history, and "any potentially plausible points of
error.  In re Schulman, 252 S.W.3d 403, 407 (Tex.Crim.App. 2008) (orig.
proceeding).  The brief must also express
and explain counsels conclusion of no plausible basis for appeal.  Id.

Here, in his Anders brief, counsel does not expressly address the trial courts
finding of frivolousness.[3]  Rather, the brief describes counsels
thorough review of the entire reporters record of the final hearing and his
detailed analysis supporting his conclusion that the appeal is frivolous.  An appeal of a final termination order is
limited to the issues presented in the statement of points.  See
Tex. Fam. Code Ann. § 263.405(i) (West 2008); Lumpkin, 260 S.W.3d at 527.  But cf. In re J.O.A., 283 S.W.3d 336,
339 (Tex. 2009) (holding § 263.405(i) does not prevent appellate consideration
of certain constitutional complaints not included in a statement of
points).  As other courts have noted, it
logically follows that a trial courts determination of frivolousness
necessarily means the court has found each issue raised in the statement of
points is frivolous.  See, e.g., Lumpkin, 260 S.W.3d at 527 (so stating).  We therefore find implicit in counsels
determination that the appeal is frivolous the conclusion that the trial court
did not abuse its discretion by finding the appeal frivolous.  Cf. In
re J.J.C., 302 S.W.3d 436, 442-43 (Tex.App.--Houston [14th Dist.] 2009, pet
denied) (construing parents briefing to include challenge to finding of
frivolousness even though parent did not specifically assign error to the
finding).    

Although the trial court found the
father and mother indigent and the appeal frivolous, the reporters record of
the final termination hearing, in addition to that of the § 263.405(d) hearing,
is before us.  See In re Q.W.J., 331 S.W.3d 9, 12 (Tex.App.--Amarillo 2010, no
pet.) (per curiam) (noting consequence of frivolous finding is aggrieved parent
is not entitled to free record of underlying proceeding).  Because one of appellants points challenges
the legal and factual sufficiency of the evidence supporting termination, we
have examined the entire reporters record in determining whether the trial
court abused its discretion by finding the appeal frivolous.  

Based on our examination of the
entire record, we conclude the trial court did not abuse its discretion in
finding the appeal frivolous.  We
therefore grant counsels motion to withdraw.[4]    The judgment of the trial court is
affirmed. 

 

 

 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 











[1] We identify the children by their initials and the
parents as the father and mother, pursuant to Rule of Appellate Procedure 9.8.  Tex. R. App. P. 9.8.

 





[2] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Like other Texas courts, we have applied the
procedures of Anders in appeals
involving termination of parental rights. 
In re A.W.T., 61 S.W.3d 87,
88-89 (Tex.App.--Amarillo 2001, no pet.); see
In re D.D., 279 S.W.3d 849, 849-50
(Tex.App.--Dallas 2009, pet. denied) (listing cases).





[3] But counsel and the trial court
reached the same conclusion of frivolousness based on consideration of the
entire record.  The same judge that tried
the case presided over the § 263.405(d) hearing.  Although the hearing was brief, [a] trial
judge judicially knows what has previously taken place in the case on
trial.  Vahlsing, Inc. v. Missouri Pac. R.R. Co., 563 S.W.2d 669, 674
(Tex.App.--Corpus Christi 1978, no writ) (citing Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274, 276 (1961)); see In re J.J.C., 302 S.W.3d 436, 446
(Tex.App.--Houston [14th Dist.] 2009, pet. denied) (following Vahlsing).  





[4] Counsel remains obligated to inform
the father and mother of the disposition of this appeal and that they may, on
their own, pursue a petition for review in the Supreme Court of Texas.  In the
Interest of K.D., 127 S.W.3d 66, 68 n.3 (Tex.App.--Houston [1st Dist.]
2003, no pet.) (citing Ex parte Wilson,
956 S.W.2d 25, 27 (Tex.Crim.App. 1997)).