NO. 07-03-0527-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 11, 2004

_____

IN RE WALTER WAYNE BOSWELL, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

This is an original habeas corpus proceeding. Relator Walter Wayne Boswell seeks relief from confinement for civil contempt and from community supervision imposed for criminal contempt. Relator and real party in interest Traci Denise Boswell were divorced on September 30, 2002. Traci Denise Boswell filed a Motion for Enforcement and Order to Appear with the trial court on October 27, 2003. In the motion she alleged that relator had violated the terms of the divorce decree by drinking alcohol within eight hours prior to his possession of the children of the marriage, by failing to pay the full amount of child support when due, and by threatening her with imminent bodily injury.

A hearing was held on the motion on December 12, 2003. After hearing evidence, the trial court orally pronounced an order committing relator to the custody of the Randall County Sheriff for violations of the court's order of September 30, 2002. On that same day the court signed an order placing relator on community supervision for two years for criminal contempt. The order does not state the grounds for the contempt, but contains a list of the conditions of community supervision imposed on relator. No written judgment of contempt or commitment was entered. Relator was taken into custody and jailed on December 12.

On December 17, 2003, relator filed with this court a petition for writ of habeas corpus seeking release from confinement. Relator alleged he was being illegally confined because the court had not signed a written order of contempt or commitment. On December 18, 2003, the trial court signed a written order holding relator in both civil and criminal contempt, committing him to county jail for civil contempt and placing him on community supervision for criminal contempt.[1] The written order also grants a judgment for child support arrearage in the amount of $14,208.46 plus accrued interest; relator does not complain of this portion of the order. The December 18 order states that it supersedes the order signed December 12.

During oral argument in this court on December 23, 2003, Traci Denise Boswell conceded that the portion of the order finding relator in civil contempt and ordering his

_____

[1]A copy of the order was filed with this court on December 18, 2003 by relator's attorney. It was also attached as an exhibit to the supplemental brief filed by relator on January 12, 2004. Neither a clerk's or reporter's record is part of the record before this court.

commitment to county jail was not timely signed and was therefore void. *Ex parte Amaya*, 748 S.W.2d 224 (Tex. 1988); *Ex parte Barnett*, 600 S.W.2d 252 (Tex. 1980); *see In re Brown*, 114 S.W.3d 7 (Tex.App.–Amarillo 2003, orig. proceeding).

Following oral argument, this court granted the writ of habeas corpus, determined the court's order for civil contempt to be void and ordered the release of relator from Randall County jail. By letter, the same day, this court requested relator to submit a letter brief by January 12, 2004 addressing which portions of the trial court's order should remain effective. Real party in interest was directed to file any reply on or before January 19, 2004. Relator submitted a supplemental brief on January 12. Real party in interest has not filed a reply.

The function of a writ of habeas corpus is to secure release from unlawful custody. For a writ to issue, the contemnor must show he has undergone a restraint of liberty. *In re Ragland*, 973 S.W.2d 769, 771 (Tex.App.–Tyler 1998, orig. proceeding). Relator asserts that his community supervision is a sufficient restraint on his liberty to permit our consideration of his petition for writ of habeas corpus. We agree.

While imprisonment is typically the restraint of liberty addressed by a writ of habeas corpus, courts have extended the meaning of restraint to include some restrictions imposed by community supervision. *Id.* Community supervision which requires only making payments ordered by the court is not a restraint entitling a person to habeas corpus relief. *Ex parte Hughey*, 932 S.W.2d 308 (Tex.App.–Tyler 1996, orig. proceeding). Requiring a person to perform a set amount of community service each week, *In re Ragland*, 973

S.W.2d at 771, or requiring a person to report monthly to a probation officer and limit travel, *Ex parte Duncan*, 796 S.W.2d 562 (Tex.App.–Houston [1st Dist.] 1990, orig. proceeding), are sufficient restraints of a person's liberty to allow consideration of a writ of habeas corpus. *Id; see also In re Pierre*, 50 S.W.3d 554, 558 (Tex.App.–El Paso 2001, orig. proceeding).

The terms of community supervision imposed on relator include the following:

1. Relator is ordered to pay all child support as ordered by the court.

2. Relator is ordered to report to an officer of the Potter-Randall-Armstrong Community Supervision and Corrections Department as often as ordered by the officer or the court.

3. Relator is ordered to submit to a drug and alcohol evaluation.

4. Relator is ordered to furnish proof he attended no fewer than 90 Alcoholics Anonymous meetings within 90 days of his release from civil commitment.

5. Relator is ordered to pay a community supervision fee in an amount and frequency to be determined by the Community Supervision Department or the court.

We find the requirements that he report to an officer of the Potter-Randall-Armstrong Community Supervision and Corrections Department as often as ordered by the officer or the court, and furnish proof he attended no fewer than 90 Alcoholics Anonymous meetings within 90 days of his release from civil commitment to be a restraint on relator's liberty sufficient for us to consider habeas corpus relief with respect to the criminal contempt portion of the court's order.

Relator's petition for writ of habeas corpus is granted. The provisions ordering relator's confinement for civil contempt and the provisions ordering his confinement, suspended, and performance of conditions of community supervision for criminal contempt, contained in the order entered by the trial court on December 18, 2003, are void. Relator is discharged from confinement and, except for the payment of child support as ordered by the court, from performance of the conditions of community supervision.

James T. Campbell
Justice