Opinion issued May 20, 2004












In The
Court of Appeals
For the
First District of Texas
____________

NO. 01-04-00263-CV
____________

IN RE LUCIANO SARABIA, JR., Relator




Original Proceeding on Petition for Writ of Habeas Corpus




MEMORANDUM OPINIONRelator Luciano Sarabia requests this Court to grant him habeas corpus relief. 
We dismiss the petition.
          On March 25, 2004, Sarabia filed his petition for writ of habeas corpus with
this Court. He asserted that, because he had been ordered incarcerated only on
weekends, it was: 
impossible for him to show actual incarceration to this Court during the
Court’s regular business hours. However his denial of weekend freedom
clearly qualifies as a restriction on Relator’s ‘absolute and perfect
freedom of action’ justifying the issuance of the writ. See Ex parte
Calhoun, supra.

In support of his argument that his circumstances qualify to meet the restraint
requirement for habeas corpus relief, Sarabia relies on Ex parte Duncan, 796 S.W.2d
562, 564 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding), asserting that an
order requiring a contemnor to surrender to a probation officer satisfies the restraint
requirement, and Ex parte Conner, 746 S.W.2d 527, 527 (Tex. App.—Beaumont
1988, orig. proceeding), asserting that placing a contemnor on probation has been
held sufficient to satisfy the restraint requirement.
          On March 30, 2004, we stayed the commitment portion of the March 19, 2004
order and ordered that relator be released on bond, pending a final determination of
his petition. We also ordered that, by April 14, 2004, Sarabia supplement our record
with certified documents from the Harris County Sheriff’s Department evidencing his
confinement for the weekends of March 20, 2004-March 21, 2004 and March 27,
2004-March 28, 2004. Sarabia has not responded to our March 30, 2004 order.
          Texas Rule of Appellate Procedure 52.3(j)(1)(D) requires that a relator seeking
habeas corpus relief furnish proof that the relator is being restrained. A mere
judgment of contempt will not justify the granting of a writ of habeas corpus. Ex
parte Calhoun, 91 S.W.2d 1047, 1048 (Tex. 1936). In Calhoun, the Texas Supreme
Court concluded that the record before it showed that relator had never been deprived
of her liberty or restrained at all because she was never jailed pursuant to the
contempt order. Id. Examining the record, the Texas Supreme Court stated that
Calhoun’s affidavit showed that she went to the sheriff’s office without her being
requested to do so; that she remained there for some time of her own free will; that
she was not subject to an arrest while there; that she was not compelled or even
requested to remain there; and that she was free to go where she pleased and do as she
pleased after she left. Id. at 1048. In addition, the sheriff swore that she was never
arrested or confined. Id. at 1047.
          In this case, despite our order requesting that he do so, relator has not provided
us with any evidence that he has been to the jail on the weekends, as directed by the
court’s commitment order, nor any evidence that the trial court’s commitment order
has been enforced against him.
          In Duncan, the trial court suspended its order committing relator to jail, placed
him on probation and ordered that, as a condition of his probation, he report to a
probation officer once a month and not travel outside Harris County without the trial
court’s permission. Duncan, 796 S.W.2d at 564. This court held that the terms and
conditions of Duncan’s probation constituted a sufficient restraint to warrant
examination of his petition for habeas corpus relief. See id. Duncan is inapplicable
to this case, however, in that, in Duncan, there was no issue whether the trial court’s
probation order had been enforced. Here, after a request by this court to do so,
Sarabia has produced no evidence he has been subject to any enforcement of the trial
court’s commitment order. Relator’s failure to respond leaves us with no evidence
he is, in fact, actually undergoing restraint.


 
          Accordingly, we dismiss Sarabia’s petition. See Calhoun, 91 S.W.2d at 1049
(dismissing relator’s petition for habeas corpus relief because relator had not
produced a record demonstrating that she was under any kind of arrest or restraint). 
We withdraw our March 30, 2004 order granting temporary relief to Sarabia upon his
posting a $500 bond and we lift the stay we ordered on the commitment portion of the
trial court’s March 19, 2004 commitment order. 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Alcala and Bland.