NO. 07-06-0061-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 23, 2006
_____

EX PARTE TYRONE COLEMAN
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Tyrone Coleman, acting pro se, has submitted to us a document he describes as an "emergency petition," in which he complains of actions of the pardons and paroles division of the Texas Board of Pardons and Paroles. According to Coleman's petition, the division, acting through a Hale County parole officer, has imposed on him an illegal special condition of parole that prohibits him from having any contact with his wife. He asserts the condition has required him to move out of their home, thereby imposing additional living expenses and placing emotional strain on his marriage.

He asks that we direct the Board of Pardons and Paroles to remove the restraint on his contact with his wife. In his petition Coleman also advises us he presently is held in the Hale County jail pending a revocation hearing. He does not ask to be released from custody, only that the condition be removed, "before it ends my marriage."

Coleman is not a party to an appeal pending in this court. We construe his petition as one seeking extraordinary relief. TEX. R. APP. P. 52.1. Our authority to grant such relief is set out in section 22.221 of the Texas Government Code.

We may grant extraordinary writs when necessary to enforce our appellate jurisdiction over a matter pending before us. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). That authority is not applicable here.

Coleman's petition could be read to seek a writ of habeas corpus, which is available to secure release from a restraint of liberty. *See In re Ragland*, 973 S.W.2d 769, 771 (Tex.App.–Tyler 1998, orig. proceeding) (discussing restraint sufficient to authorize habeas corpus relief). We will assume, without deciding, that the condition Coleman describes in his petition, by which he is restrained from living with or otherwise contacting his wife, is the type of restraint of liberty that would authorize issuance of a writ of habeas corpus. Our authority to do so, however, is limited to instances in which the relator is being restrained due to a violation of an order, judgment or decree rendered in a civil case. *Id*. at § 22.221(d); *Ex parte Layton*, 928 S.W.2d 781, 782 (Tex.App.–Amarillo 1996) (orig. proceeding). Nothing in Coleman's petition suggests that the condition of parole arose in a civil case.[1]

---

[1] The authority to consider post-conviction petitions for writs of habeas corpus resides in the Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Coleman's petition also might be read as seeking a writ of mandamus directing the Board to rescind the condition. Except when necessary to enforce our jurisdiction under section 22.221(a), the Government Code permits us to issue writs of mandamus only to judges of district or county courts in our appellate district. TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004). We have no mandamus authority over the Board of Pardons and Paroles in this case.

Finding we have no authority to consider the relief sought by Coleman's petition, we dismiss it for want of jurisdiction.[2]

James T. Campbell
Justice

---

[2] Even if we had jurisdiction to consider the petition, we would be required to deny it because, among other defects, its factual statements are not verified by affidavit, it lacks many of the requirements of form and it is not supported by the required appendix. TEX. R. APP. P. 52.3.

3