Petition for Writ of Habeas Corpus Denied and Memorandum Opinion filed
December 4, 2008









 

Petition for Writ of Habeas Corpus Denied and
Memorandum Opinion filed December 4, 2008.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-08-01070-CV

____________

 

IN RE MONIQUE PARKER, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF HABEAS CORPUS

 



 

M E M O R A N D U M   O P I N I O N

On November 24, 2008, relator, Monique Parker, filed a
petition for writ of habeas corpus seeking to have her probated thirty-day jail
sentence lifted.  See Tex. Gov=t Code Ann. ' 22.221(d) (Vernon 2004);  Tex. R. App. P. 52.  Relator=s petition is denied.  

Relator=s petition does not comply with the Texas Rules of Appellate
Procedure because the documents in the appendix are not sworn or certified, the
appendix contains no signed order, there is no certification that the facts in
the petition are supported by citation to competent evidence included in the
appendix or record, and there is no reporter=s record of the hearing.  See Tex. R. App. P. 52.3(j) & (k);
52.7(a)(1) & (2).  








Moreover, relator is not restrained under her probated
sentence for purposes of habeas corpus relief. 
Because the function of a writ of habeas corpus is to secure release
from an unlawful custody, the relator must show that the contemnor has
undergone a restraint of liberty.  In
re Ragland, 973 S.W.2d 769, 771 (Tex. App.CTyler 1998, orig. proceeding).  

Although actual confinement is the typical restraint of
liberty, courts have extended the meaning of term Arestraint of liberty@ beyond actual imprisonment.  Id. 
The meaning of restraint includes probation where the terms of the
probation include some type of tangible restraint of liberty.  Id. (citing Ex parte Brister,
801 S.W.2d 833, 834B35 (Tex. 1990) (contemnor required to submit to sixty days= house arrest and electronic
monitoring); Ex parte Duncan, 796 S.W.2d 562, 564 (Tex. App.CHouston [1st Dist.] 1990, orig.
proceeding) (contemnor was required to report to probation officer once a month
and could not leave Harris County without trial court=s permission)).  

However, when a jail sentence is probated without any type of
tangible restraint of liberty, a contemnor is not restrained for purposes of
habeas corpus relief when she is merely ordered to make payments that the trial
court adjudges that she owes or otherwise comply with the trial court=s orders.  In re Hughley, 932 S.W.2d 308, 310
(Tex .App.CTyler 1996, orig. proceeding); Ex
parte Shaw, No. 07-01-0196-CV, 2002 WL 483494, at *1 (Tex. App.CAmarillo May 8, 2001, orig.
proceeding) (not designated for publication); In re Gill, No.
04-99-00828-CV, 1999 WL 1073938, at *1 (Tex. App.CSan Antonio Nov. 24, 1999, orig.
proceeding) (not designation for publication). 


Here, relator=s probated sentence, as set forth in the unsigned order filed
with relator=s petition, includes no conditions
other than to comply with the terms of the divorce decree without any tangible
restraint of liberty.  Therefore, relator
is not restrained for purposes of habeas corpus relief.  

 








Accordingly, we deny relator=s petition for writ of habeas corpus.

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed December 4, 2008.

Panel consists of Chief Justice
Hedges and Justices Guzman and Brown