**Ex Parte Virginia SEALY, Relator.**

**No. 01–93–01110–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 1, 1994.

---

Gina Fantasia, Iris Hefter Robinson, Hirsch, Robinson, Sheiness & Glover, P.C., Houston, for appellant.

Bruce S. Kessler, Zimmerman, Flaum & Axelrad, P.C., Houston, for appellees.

Before COHEN, HEDGES and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

Relator, Virginia Sealy (formerly Virginia Sealy Caplan), asks this Court to find a judgment and probation order signed by Judge Daggett,[1] void. The order holds her in contempt for violating two provisions of the final decree of divorce: denying Terrill Mark Caplan (Caplan), her former husband, telephone access to their children, and refusing to permit him to exercise his child visitation rights on October 21, 1993. Sealy also asks this Court to refund attorney's fees and court costs she paid in accordance with the judgment and probation order.[2]

In the judgment and probation order, Judge Daggett found relator in contempt and assessed punishment at 24–days confinement in the Harris County jail and a fine of $800. The trial court probated the jail time and fine for six months, provided relator complied with the following terms: (1) paid her former husband's attorney's fees of $980 by December 1, 1993; (2) paid court costs of $63 by December 1, 1993; and (3) complied with the access and visitation provisions of the final decree of divorce.

### The divorce decree

Sealy and Caplan divorced on August 30, 1993. They are the parents of two children: Hannah, aged four years and two and one-half months, and Richard, aged two years and seven months at the time of the November 29, 1993, hearing. Sealy and the children live in Lafayette, Louisiana, while Caplan resides in Houston, Texas.

Pages five through 13 of the divorce decree deal with the possession of the children. The first part of the possession order (pages five to the last five lines on page eight) provides for possession from the signing of the decree until September 1, 1995. Lan-

guage in this section identifies this section as "this Possession Order." It sets out the weekends, holidays, birthdays, and spring and summer periods when Caplan and Sealy, respectively, will each have the children. The possession order does not contain any provisions regarding telephone access or other general terms and conditions.

At the bottom of page eight begins a section entitled "Standard Possession Order." This section deals with the provisions for possession and access that take effect on September 1, 1995. Like the earlier possession section, the standard possession order provides for the weekends, holidays, birthdays, and spring and summer periods when Caplan and Sealy, respectively, will each have the children.

The standard possession order section also contains general terms and conditions that provide Sealy must surrender the children at their home (or other mutually agreed location) to Caplan; that Caplan must return the children to their home (or other mutually agreed location); that each parent must pack the appropriate clothing, personal effects, and medication at the start and end of a period of possession; and that a parent must notify the other if unable to exercise a period of possession. Finally, the following paragraph appears:

> 6. It is ORDERED AND DECREED that when the children are with either conservator, the other conservator shall be permitted the right to telephone the children two times per week and speak with the children for a reasonable period of time during each call, provided that the length of each call shall not be unreasonable or abusive. . . .

By the clear terms of the divorce decree, these telephone access provisions of the standard possession order do not take effect until September 1, 1995.

On October 19, 1993, Caplan filed a motion for enforcement and order to appear against

---

1. The Honorable Allen J. Daggett, Judge of the 310th District Court, Harris County, Texas.

2. Relator initiated this proceeding as a petition for writ of habeas corpus. However, in this Court's order granting the motion for leave to file, we advised the parties that the relief sought might be more properly styled as mandamus. The law pertinent to both has been briefed and argued by the parties.

Sealy, alleging that she had violated the telephone access provisions of the divorce decree eight times in September and October 1993 and, in an amended motion, the visitation provisions of the divorce decree on October 21, 1993. In the judgment and probation order, Judge Daggett found that Sealy had violated the telephone access provisions seven times. He also found she had violated the visitation provisions of the divorce decree on October 21, 1993.

### Telephone access

As a general rule, the validity of a contempt judgment can only be attacked collaterally by habeas corpus. *Deramus v. Thornton,* 160 Tex. 494, 333 S.W.2d 824, 827 (1960). In such a review, the appellate court is limited to the determination of whether the commitment order is void. *Doss v. Doss,* 521 S.W.2d 709, 711 (Tex.App.—Houston [14th Dist.] 1975, orig. proceeding). Although it is not necessary for an applicant for a writ of habeas corpus to be actually confined in jail, the applicant must suffer some restraint to justify the issuance of the writ. *Ex parte Calhoun,* 127 Tex. 54, 91 S.W.2d 1047, 1048 (Tex.1936); *see Deramus,* 333 S.W.2d at 832 (because the relator was not under restraint, an application for writ of habeas corpus would be premature); Tex.R.App.P. 120(b)(6) (petition for writ of habeas corpus must be accompanied by proof of restraint of relator). A mere judgment of contempt will not justify the granting of a writ of habeas corpus. *Calhoun,* 91 S.W.2d at 1048; *Ex parte Crawford,* 506 S.W.2d 920, 921 (Tex.App.—Tyler 1974, orig. proceeding).

Sealy argues she is entitled to relief by habeas because her probation constitutes a sufficient restraint on her liberty, citing *Ex parte Duncan,* 796 S.W.2d 562 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding), and *Ex parte Conner,* 746 S.W.2d 527 (Tex.App.—Beaumont 1988, orig. proceeding). Caplan responds that Sealy has not been placed in jail and is under no restraint.

We agree with Caplan that Sealy is under no restraint; therefore, habeas corpus relief may not be granted. We have held that probation was a sufficient restraint on liberty to permit relief by writ of habeas corpus where the terms and conditions of probation required the relator to report to a probation officer at least once a month and prohibited him from traveling outside Harris County without permission from the trial court. *Duncan,* 796 S.W.2d at 564. Sealy is not subject to any such probation terms. The Beaumont Court of Appeals has held that a contempt order granting probation under Tex.Fam.Code Ann. § 14.40(e) (Vernon 1986) constitutes a sufficient "restraint" on relator's liberty to warrant granting a writ of habeas corpus. *Conner,* 746 S.W.2d at 527. Sealy's probation is not under section 14.-40(e), which authorizes a trial court to probate commitment when an obligor has been found in contempt for failing or refusing to pay child support.

Thus, we are unable to grant relief to Sealy by way of a writ of habeas corpus. Neither are we able to grant relief to Sealy under her application for writ of mandamus. Even though there is considerable logic to Sealy's challenge to the contempt order by either habeas or mandamus, the Supreme Court has held that a contempt judgment can only be attacked by habeas, which is not available here because Sealy has not been confined. *See Deramus,* 333 S.W.2d at 832.

The circumstances here are similar to those in *Deramus.* In *Deramus* the trial court held the railroad and some of its officials in contempt for violating an injunction that prohibited their trains from blocking a street in Dallas for more than five minutes. 333 S.W.2d at 825. The court suspended the fine and confinement under the contempt order for 120 days to permit the railroad to begin the construction of a grade separation. *Id.* at 826. About 216 days after the contempt order, the court notified the railroad and its officials to appear and receive their sentences; the construction had been started, but was not complete. *Id.* Before that appearance, the railroad and its officials sought mandamus relief, asking that the contempt order be vacated and expunged and arguing that the remedy of habeas corpus would be inadequate because it would necessitate their arrest and confinement until their petition for relief could be presented. *Id.* at 827. The Supreme Court refused to grant

mandamus relief, citing the policy reason that contempt could only be attacked collaterally by way of habeas corpus and noting that the trial judge had not yet acted and might contemplate no enforcement of the penalties assessed. Sealy cannot attack the contempt order by mandamus because her probated sentence of confinement under a void order is analogous to the suspended sentence under a void order in Deramus.

 So that Judge Daggett and the real party in interest have no misunderstanding about our holding, we make an express finding, as did the court in *Deramus,* that the order here is void and will not support a fine or imprisonment. *Deramus,* 333 S.W.2d at 831. A judge cannot hold a party in contempt in 1993 for failing to comply with orders, like the telephone access provision here, that do not take effect until 1995. Following the Supreme Court's lead in *Deramus,* we also presume that the real party in interest will not move to hold relator in contempt for violating a void order; and that Judge Daggett will not attempt to confine Sealy under the order. *Deramus,* 333 S.W.2d at 831–32.

### Visitation

The divorce decree entitles Caplan to visitation with the children on weekends, beginning at 6:00 p.m., on the first, third, and fifth Thursday of each month. October 21, 1993, the date he alleges Sealy refused him visitation, was a third Thursday. There was conflicting testimony at the November 29, 1993, hearing on Caplan's motion for enforcement concerning the events on October 21. We cannot say Judge Daggett's finding, that relator violated the visitation provisions of the divorce decree on that date, is unsupported by the evidence.

The judgment and probation order assessed one punishment for all violations. If one punishment is assessed for more than one act of contempt, and one act is not punishable by contempt, the entire judgment is void. *Ex parte Davila,* 718 S.W.2d 281, 282 (Tex.1986); *Ex parte Lee,* 704 S.W.2d 15, 17 (Tex.1986). Here, the trial court assessed one punishment for violations of both the telephone access provisions of the divorce

decree (which are unenforceable until September 1, 1995), and the visitation provisions of the divorce decree (which are presently enforceable). Because we have held that violations of the telephone access provisions of the divorce decree are not punishable before September 1995, the order assessing joint punishment is void.

### Attorney fees

As part of the contempt order, and to avoid confinement, Sealy was required to pay Caplan's attorney fees of $980.

When contempt is punished by a fine, mandamus is the only remedy available to the relators. *Kidd v. Lance,* 794 S.W.2d 586, 587 n. 1 (Tex.App.—Austin 1990, orig. proceeding). We conclude that where contempt is also sanctioned by an award of attorney fees, mandamus is the only means to review such a sanction. Because we have expressly found that the judgment and probation order is void and will not support a fine or imprisonment, we also find the order will not support the award of attorney fees against Sealy. We order Caplan and his attorney to refund to Sealy the $980 in attorney fees she has paid to them.

Justices Cohen and Hedges also sitting.