TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00220-CV







Ex Parte: Rodolfo Torres, III, Relator







HABEAS CORPUS PROCEEDING FROM TRAVIS COUNTY







PER CURIAM



 

 Relator Rodolfo Torres, III filed an application for writ of habeas corpus in this
Court seeking discharge from the custody of the Travis County sheriff. See Tex. Gov't Code
Ann. § 22.221(d) (West Supp. 1995); Tex. R. App. P. 120. The district court found that relator
failed to pay court-ordered child support to Rosario Torres and ordered him confined for a period
of 180 days for each act of contempt and until he paid an arrearage of $12,808 and court costs. (1) 
This Court did not issue the writ pending supplementation of the application and a response from
the Office of the Attorney General, which sought enforcement of the child-support order.

 In its response, the Attorney General states that Torres is no longer sufficiently
restrained to warrant habeas corpus relief. On April 24, 1995, the master (2) signed a "release card"
directing the sheriff to release Torres on "Judges order Balance of sentence suspended." 
Apparently, the master has not signed a written recommendation for adoption by the district court. 
Torres has not responded to the Attorney General's answer to assert that he remains restrained.

 The sole function of an application for writ of habeas corpus is to determine
whether a relator is unlawfully restrained and, if so, to secure the relator's discharge. Ex parte
Gordon, 584 S.W.2d 686, 688 (Tex. 1979); see Cine-Matics, Inc. v. State, 578 S.W.2d 530, 532
(Tex. Civ. App.--Austin 1979, no writ). Although an applicant need not actually be confined in
jail, he must suffer some restraint to justify the issuance of the writ. Ex parte Brister, 801
S.W.2d 833, 835 (Tex. 1990); Ex parte Sealy, 870 S.W.2d 663, 666 (Tex. App.--Houston [1st
Dist.] 1994, orig. proceeding). For example, a contempt order that suspends commitment and
places a relator on probation may constitute a restraint on liberty sufficient to warrant habeas
corpus relief. Brister, 801 S.W.2d at 833; Ex parte Duncan, 796 S.W.2d 562, 564 (Tex.
App.--Houston [1st Dist.] 1990, orig. proceeding); Ex parte Connor, 746 S.W.2d 527, 527 (Tex.
App.--Beaumont 1988, orig. proceeding); see Tex. Fam. Code Ann. § 14.40(e)(1) (West 1986)
(court may place child-support obligor on probation on condition that he continues child-support
payments and on other reasonable conditions) (repealed effective Apr. 20, 1995 (Act of Apr. 6,
1995, H.B. 655, § 2, 74th Leg., R.S.) (to be codified at Tex. Fam. Ann. § 157.165)).

 Here, Torres has been released from custody with no conditions on his release. 
We conclude that this circumstance does not warrant habeas corpus relief. Sealy, 870 S.W.2d at
666 (contempt order that imposed probation conditioned on payment of attorney's fees and costs
and compliance with visitation provisions not sufficient restraint on liberty). Furthermore, if
incarcerated again relator may seek habeas relief at that time or, after serving the punishment
portion of the contempt judgment, request a trial court hearing to determine whether he can
comply with the coercive portion. See Ex parte Dustman, 538 S.W.2d 409, 410 (Tex. 1976)
(relator may not be confined indefinitely when he cannot perform act necessary to purge himself).

 Accordingly, we deny the application for writ of habeas corpus. See Tex. R. App.
P. 120(d).


Before Chief Justice Carroll, Justices Aboussie and Jones

Application for Writ of Habeas Corpus Denied

Filed: May 17, 1995

Do Not Publish

1. [1] Although the court found Torres in contempt only for the failure to make four support
payments totaling $700, the court ordered him confined until he paid the amount of $12,808.
2. [2] A master presided over the proceedings relating to enforcement of the child support order. 
Tex. Fam. Code Ann. § 14.82 (West Supp. 1995). In each instance, the district court adopted
the master's report which then became the order of the Travis County district court. See Tex.
Gov't Code Ann. §§ 54.011, .013 (West 1988); Tex. Fam. Code Ann. § 14.82(h) (West Supp.
1995). These provisions of the Family and Government Codes were repealed effective April 20,
1995. Act of Apr. 6, 1995, H.B. 655, § 2, 74th Leg., R.S. (to be recodified at Tex. Fam. Code
Ann. §§ 102.013, .014, .101-104).