Ex parte Gaylord T. HUGHEY.

No. 12–96–00186–CV.

Court of Appeals of Texas,
Tyler.

Oct. 23, 1996.

J.W. Tyner, Keith M. Dollahite, Tyler, for appellant.

Samuel M. George, Tyler, for real-party-in-interest, Martha Susan Hughey.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

## ORIGINAL PROCEEDING

HADDEN, Justice.

This is an original *habeas corpus* proceeding brought by Relator, Gaylord T. Hughey, following the trial court's entry of an order of contempt and suspension of commitment. The contempt order held Relator in contempt for failure to pay child support and attorney fees, but suspended confinement conditioned upon Relator's compliance with a schedule of payments. We will deny the petition.

### BACKGROUND

On March 15, 1996, the trial court signed Temporary Orders awarding Relator's former spouse, Martha Susan Hughey ("Ms. Hughey"), a significant increase in child support pending further order of the court. Relator's child support obligation was increased from $2,166.67 to $5,600.00 per month beginning on March 22, 1996, and continuing until "the signing of the final order herein or until further order" of the trial court. Relator was also ordered to pay attorney fees to Ms. Hughey's attorney, Sam George, in the amount of $6,500.00 on or before April 1, 1996.

When Relator failed to make timely temporary child support payments and failed to pay the interim attorney fees, Ms. Hughey filed a contempt action against him. As a result of that proceeding, on July 1, 1996, the trial court entered a contempt order in which it found that Relator had failed to pay the entire amount of court-ordered child support on four separate occasions. The total of the past due child support was $13,732.92. The court further found that Relator had failed to

pay the attorney fees owed to George, and that an additional $1,800.00 in attorney fees and costs should be assessed against Relator.

Based on these violations, the court found that Relator was in contempt of court, and, as punishment, ordered that Relator be confined in the Smith County Jail, for a period of 90 days for each violation. For civil contempt, Relator was ordered jailed until he: (1) paid the $13,732.92 arrearage to Ms. Hughey through the District Clerk, (2) paid $1,800.00 as attorney fees to her lawyer, and (3) paid $159.00 in court costs to the District Clerk.

The court, however, suspended Relator's commitment, and placed him on probation for a period of 90 days on the following terms and conditions:

1. IT IS ORDERED that GAYLORD T. HUGHEY pay the following by cash, cashier's check, or money order payable as follows:

   (a) Pay $6,866.46 on or before 5:00 p.m. on June 14, 1996, being one-half (½) of the child support arrearage, to M.S. "SUSIE" HUGHEY, through the Child Support Division of the District Clerk of Smith County, Texas, as a partial lump-sum payment;

   (b) Pay $3,250.00 by cash, cashier's check, or money order to SAMUEL M. GEORGE, 400 Troup Road, Tyler, Texas 75701, at the location just stated, on or before 5:00 p.m. on June 14, 1996, as a partial payment on the interim attorney fees;

   (c) Pay $6,866.46 on or before 5:00 p.m. on July 14, 1996, representing the one-half (½) of the child support arrearage remaining due, to M.S. "SUSIE" HUGHEY, through the Child Support Division of the District Clerk of Smith County, Texas, as a final payment on the above-stated child support arrearage;

   (d) Pay $3,250.00 by cash, cashier's check, or money order to SAMUEL M. GEORGE, 400 Troup Road, Tyler, Texas 75701, at the location just stated, on or before 5:00 p.m. on July 14, 1996, as a final payment on the inter-

im attorney fees adjudged hereinabove;

2. IT IS ORDERED that Respondent, GAYLORD T. HUGHEY pay $5,600.00 by cash, cashier's check, or money order through the Child Support Division of the District Clerk of Smith County, Texas, on the 1st day of each of the following months:

   July, August and September, 1996, beginning on July 1, 1996, and continuing in the same amount and frequency on August 1 and September 1, 1996, which payments are the present temporary child support amounts ordered by the Temporary Order enforced hereby, it being an express provision of the Suspension of Commitment and Probation that GAYLORD T. HUGHEY shall timely and faithfully pay the regular temporary child support payments.

3. IT IS ORDERED that Respondent, GAYLORD T. HUGHEY pay, by cash, cashier's check, or money order, as attorney fees $1,800.00, taxed herein as costs, to Samuel M. George, 400 Troup Road, Tyler, Texas 75701, by 5:00 p.m. on July 14, 1996. The attorney may enforce this order for attorney fees in the attorney's own name.

4. IT IS ORDERED that Respondent, GAYLORD T. HUGHEY pay $159.00, taxed herein as costs, by cash, cashier's check, or money order, to the District Clerk of Smith County, Texas, on July 14, 1996.

On July 1, 1996, Relator filed his petition for writ of *habeas corpus*. That petition alleged that the contempt order was void and that Relator was illegally restrained because: (1) the trial court's undue delay of 27 days before entering the written order of contempt denied him due process of law; (2) the contempt order contained various defects and variances, and (3) the contempt order improperly held him in contempt for failure to pay attorney fees. On July 15, 1996, Ms. Hughey filed her response to the petition, urging, among other things, that the petition should be denied because Relator has not been restrained of his liberty. This Court

tentatively granted relief and set bond. The case was orally argued on August 1, 1996.

### APPLICABLE LAW AND ANALYSIS

An original *habeas corpus* proceeding is a collateral attack on a contempt judgment. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967); *Ex parte Tanner*, 904 S.W.2d 202, 203 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding). The function of a writ of *habeas corpus* is to secure release from unlawful custody. Thus, it must be shown that the contemnor has undergone a restraint of liberty. *Ex parte Crawford*, 506 S.W.2d 920, 921 (Tex.Civ.App.—Tyler 1974, orig. proceeding). Although actual confinement is the typical restraint of liberty, courts have extended the meaning of the term "restraint of liberty" beyond actual imprisonment. The Texas Supreme Court has held that when a contemnor is sentenced to jail and released on bond pending review by *habeas corpus*, there is sufficient restraint of liberty to justify issuance of the writ of *habeas corpus*. *Ex parte Williams*, 690 S.W.2d 243, 244 (Tex.1985). The rationale is that imprisonment is not merely a speculative possibility, where the unfolding of events may render the controversy moot. *Id.* Courts have also extended the meaning of restraint to include probation. However, in most of these cases, the terms of probation include some type of tangible restraint of liberty. *See, e.g., Ex parte Brister*, 801 S.W.2d 833, 834–35 (Tex.1990) (contemnor required to submit to 60 days' house arrest and electronic monitoring); *Ex parte Duncan*, 796 S.W.2d 562, 564 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding) (contemnor was required to report to a probation officer once a month and could not leave Harris County without permission of the court). *But see Ex parte Conner*, 746 S.W.2d 527 (Tex.App.—Beaumont 1988, orig. proceeding).

In *Conner*, the Beaumont court of appeals held that a contempt order granting probation for failure to pay child support constitutes a sufficient restraint on a relator's liberty to warrant granting a writ of *habeas corpus*. *Ex parte Conner*, 746 S.W.2d at 527. However, in reaching this conclusion, the court did not discuss the terms and conditions of the relator's probation, nor did it discuss the reasons for its holding. The court simply stated the following:

> We have found no authority on the question of whether a contempt order granting probation pursuant to TEX.FAM.CODE ANN. § 14.40(e)[1] constitutes a sufficient 'restraint' on relator's liberty to warrant a writ. We hold that it does.

Absent a more detailed recitation of the facts and a more persuasive analysis, we decline to follow the rationale set forth in *Conner*.

### HOLDING

The circumstances here are more analogous to those in *Ex parte Sealy*, 870 S.W.2d 663, 665–66 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding).[2] In *Sealy*, the trial court held the relator in contempt for violating the telephone access and visitation provisions of her divorce decree, and assessed punishment at 24 days' confinement in the county jail and a fine of $800. *Id.* at 665. The court probated the jail time and the fine for six months, provided the relator pay her husband's attorney fees and court costs, and comply with the access and visitation provisions of the decree. *Id.* The court of appeals held that such terms did not constitute restraint for purposes of *habeas corpus* relief.

Likewise, in the present case, Relator has not been sufficiently restrained so as to permit relief by writ of *habeas corpus*. He is not required to report to a community supervision officer or submit to visits by such officer, nor is he required to obtain any sort of counseling. *See* TEX.FAM.CODE ANN. § 157.211 (Vernon 1996). He is not subject to house arrest, nor is he confined geographically by the terms of his probation. He is simply required to: (1) pay the child support

---

**1.** Now TEX.FAM.CODE ANN. § 157.165 (Vernon 1996).

**2.** The court in *Sealy* recognized the holding in *Conner* and distinguished it on a factual basis; however, as stated above, we have declined to follow the holding in *Conner*.

and attorney fee arrearages incurred as a result of his failure to comply with the court's Temporary Orders, (2) comply with the terms of those orders, and (3) pay the related attorney fees and court costs.[3] Confinement is not an imminent possibility as long as Relator complies with the Temporary Orders and the terms of his probation. Therefore, we conclude that Relator has not been re-strained of his liberty such as would warrant the granting of his petition.

Relator's petition is **denied.**

---

3.  The court is entitled to order the payment of such fees and costs if the court finds that the respondent has failed to make child support pay-ments. *See* TEX.FAM.CODE ANN. § 157.167 (Vernon 1996).