Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed
December 16, 2003












Petition for
Writ of Habeas Corpus Granted and Memorandum Opinion filed December 16, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-03-01096-CV

____________

 

IN RE ANDREW K. BIELEMA, Relator

 

 

____________________________________________

 

ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 

____________________________________________

 

M E M O R A
N D U M   O P I N I O N

            This original habeas corpus
proceeding arises out of a judgment of contempt holding relator Andrew K. Bielema in violation of a court order for failure to make
court-ordered child support payments on dates that preceded entry of the order
mandating those payments.  We find the
judgment of contempt is void insofar as it is based on acts that could not have
been performed.  




 








Background

            Relator was formerly married to
Carmen Bielema, the real party in interest.  They were divorced on May 11, 2001.  In the divorce decree, the trial court
ordered relator to pay child support in the amount of $507.43 per month.  On June 24, 2003, Carmen Bielema filed a
motion for enforcement of child support in which she alleged relator had not
paid $13,660.97 in child support.  On September 9, 2003, the trial
court signed an order holding relator in contempt for failure to pay child
support.  The trial court then ordered
relator committed to the Harris County Jail for a period of sixty days;
however, the trial court suspended commitment and placed relator on probation
on the following terms and conditions:

IT IS ORDERED that Respondent, ANDREW K. BIELEMA, pay to CARMEN BIELEMA
the sum of $13,868.49, representing past due child support arrearages, as
follows:

a.         The lump sum of
$2,500.00 on or before September 5, 2003; and

b.         The
remainder to be paid in monthly installments of $200.00 each, with the first
installment of $200.00 being due on September 1, 2003, and a like amount being
due on the first day of each and every month thereafter until paid in full.

 

            On September 18, 2003, the trial court issued an
order revoking suspension of commitment and committing relator to the Harris
County Jail for sixty days and from day to day thereafter until relator paid
the child support arrearage and Carmen Bielema’s
attorney’s fees.  In that order, the
trial court found relator in contempt for failing to make payments on September
1, September 5, and September 11 pursuant to the order of September 9, 2003.




Issues and Analysis

            In nine issues, relator contends the
judgment of contempt and the commitment order are void.  Relator seeks an order of discharge.

            An original habeas corpus proceeding
is a collateral attack on a contempt judgment. 
Ex parte Rohleder, 424 S.W.2d
891, 892 (Tex. 1967).  The purpose of
a writ of habeas corpus is not to determine the guilt of the contemnor, but
only to determine whether he was afforded due process of law or if the order of
contempt is void.  Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979).  A court will
issue a writ of habeas corpus if the order underlying the contempt is void, Ex parte Shaffer, 649 S.W.2d 300, 302 (Tex. 1983), or if
the contempt order itself is void.  Gordon, 584 S.W.2d at 688.  An order is void if it is beyond the power of
the court to enter it, or if it deprives the relator of liberty without due
process of law.  Ex parte Barlow, 899 S.W.2d 792, 794 (Tex. App.—Houston
[14th Dist.] 1995, orig. proceeding).

            In issue seven, relator contends the
judgment is void because he was held in contempt for failure to comply with an
order that mandated him to make payments on dates that preceded the entry of
the order.  Specifically, the court signed
an order on September
 9, 2003, requiring relator to make payments on September 1, 2003 and September 5, 2003.  A contemnor cannot be held in contempt of
court for actions taken or not taken before the court reduces its order to
writing.  Ex parte Chambers,
898 S.W.2d 257, 262 (Tex. 1995).  Violations of
an oral order are not subject to constructive contempt punishment.  Id.  The written
order signed by the court evidences a party’s rights and duties.  Ex parte Price, 741 S.W.2d 366, 367 (Tex. 1987).  Here, the
order to make the September 1 and September 5 payments was not reduced to
writing until after the “contumacious acts” occurred.  At the time the trial court’s order was
signed, the date for compliance (September 1 and September 5) already had passed.  Therefore, the order is void.  See
Chambers, 898
S.W.2d at 262.  

            In her response, Carmen Bielema contends relator was held in contempt for failure
to comply with the May 11,
 2001, divorce decree, not the order entered on September 9, 2003.  To the contrary, the trial court’s commitment
order expressly states that relator is to be confined for failure to comply
with the September 9, 2003 order,
specifically for failure to make payments on September 1, 5, and 11, 2003.  Having found the order void, we sustain
relator’s seventh issue.

            The commitment order assessed a
sixty-day sentence for each of twenty-seven separate contempt violations.  In the order, the trial court ordered relator
to remain confined from day to day until he paid the entire $13,868.49, plus
attorney’s fees and costs.  If one
punishment is assessed for more than one act of contempt, and one or more acts
is not punishable by contempt, the entire judgment is void.  Ex parte Sealy, 870 S.W.2d 663, 667 (Tex.
App.—Houston [1st Dist.] 1994, orig. proceeding).  Accordingly, we hold the entire judgment of
contempt void and order relator discharged.

 

 

                                                                                    

                                                                        /s/        Kem Thompson Frost

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed December
 16, 2003.

Panel consists of Justices Edelman,
Frost, and Guzman.