

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00226-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Proceeding[1]

Opinion by:     Lori I. Valenzuela, Justice

Sitting:     Luz Elena D. Chapa, Justice
            Irene Rios, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: June 1, 2022

PETITION FOR WRIT OF HABEAS CORPUS CONDITIONALLY GRANTED

Relator Sophia Gallegos, a caseworker supervisor for the Texas Department of Family and Protective Services (the "Department"), filed a petition for writ of habeas corpus requesting this court void three orders which she argues unlawfully restrain her liberty. Relator asserts her liberty was unlawfully restrained when the trial court ordered her to appear and remain in the jury room of the 45th Judicial District Court, Bexar County, Texas, until placement was found for a child in the Department's custody. We conditionally grant the petition.

### BACKGROUND

The focus of the underlying case is a fifteen-year-old child, M.T.M.S. The Department has been appointed the temporary managing conservator of M.T.M.S. since March 21, 2021. Several

---

[1] This proceeding arises out of Cause No. 2021-PA-00518, styled *In The Interest of M.T.M.S., a Child*, pending in the 131st Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

recent status hearings resulted in the rendition of orders dated April 1, April 5, and April 14, 2022, which form the basis of a parallel mandamus proceeding currently pending before this court.[2] This habeas corpus proceeding arises from the trial court's actions on April 13, 2022, and separate orders that followed.

During an April 13, 2022 status hearing, counsel for the Department called Clara Valles, M.T.M.S.'s residential treatment specialist, to testify regarding the Department's efforts to find placement for M.T.M.S. Valles testified fifteen of the sixteen possible placements for M.T.M.S. denied placement. During cross-examination, at the request of the child's guardian ad litem, the trial court directed Valles to text relator, Valles' unit supervisor, to request relator's immediate appearance at the hearing. The habeas record does not reflect whether relator received this request. The record also does not reflect that relator appeared.

During Valles's alleged contact with relator to have her appear, the trial court, counsel for the Department, counsels for the real parties in interest, the CASA worker, and the regional director for the Department conferred off the record in the trial court's chambers. Upon emerging from this in-chambers conference, the trial court announced it understood "the parties reached an agreement in order to expedite successful placement of this child given her discharge date from Clarity of Tuesday, April 19th."

The trial court stated the agreement on the record as follows:

[Relator] shall report to the courthouse, the jury room of the 45th District Court tomorrow morning at 9 a.m., shall report to the deputy, come to the courthouse with all of the equipment she needs to work, laptop, cell phone, chargers, hot spot, et cetera. She may bring a member of her team, Ms. Valles, or other assistance if she would like. But she herself shall report to the courthouse tomorrow morning, April 14th at 9 a.m. and shall not leave until placement for this child is secured or until 6 p.m., whichever comes first. If placement is not secure tomorrow, then she shall return to the courthouse at 9 a.m. on Monday, April 18th with equipment and staff,

---

[2] *See In re the Department of Family and Protective Services*, Cause No. 04-22-00204-CV.

if she would like, to again secure placement for this child given that her discharge from Clarity is Tuesday, April 19th.[3]

The record does not indicate that relator was present during the trial court's oral rendition. The parties to the underlying suit, including counsel for the Department, verbally agreed on the record that the trial court's oral recitation of the agreement was accurate.

Relator did not report to the jury room of the 45th Judicial District Court on April 14. In response to relator's failure to appear, the trial court issued an Order for Writ of Capias and Setting of Bond (the "Capias order"). The Capias order states that relator "acknowledged" the order that had been issued from the bench on the previous day. The Capias order further states that no cash bond would be reasonable for relator and that relator was not entitled to further service of citation. Finally, the order commands "the sheriff or any peace officer of any county within the state of Texas . . . [to] take the body of [relator] and bring her before this Court for a hearing on the Court's intent to hold [relator] in direct contempt."

On April 18, 2022, the trial court signed another order (the "April 18 order") wherein the court found "the Department is willfully and willingly defying the court order and [relator] is intentionally disregarding the courts [*sic*] order and that contemptuous relief can be sought." The order states, "the [Capias order] is still in place."

In response to the Capias order, relator filed this petition for writ of habeas corpus. In her petition, relator argues: (1) the April 14 order, April 18 order, and the Capias order[4] are contempt orders that restrain her liberty, (2) this restraint is unlawful because she was not afforded due process, and (3) consequently, the orders are void.

---

[3] This agreement is encapsulated in the court's Emergency Order signed on April 14, 2022 (the "April 14 order").
[4] The April 14 order, April 18 order, and Capias order will hereafter be referred to collectively as the "Contempt Orders."

The attorney and guardian ad litem for M.T.M.S. ("Ad Litem"), the sole party to file a response, countered relator's assertions by arguing: (1) the attorney representing the Department and relator agreed the on-the-record oral rendition accurately captured the off-the-record agreement; (2) relator was not entitled to due process notice because she was in direct contempt of the April 14 order; and (3) the Capias order was lawful under the Texas Family Code.

## STANDARD OF REVIEW

A habeas corpus proceeding "is in the nature of a collateral attack and its purpose is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully imprisoned." *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *see also Ex parte Hughey*, 932 S.W.2d 308, 310 (Tex. App.—Tyler 1996, orig. proceeding) ("An original habeas corpus proceeding is a collateral attack on a contempt judgment."). Our jurisdiction over a habeas corpus proceeding is limited to "when the contemnor's confinement is on account of a violation of an order, judgment, or decree previously made in a civil case." *In re Kuster*, 363 S.W.3d 287, 291 (Tex. App.—Amarillo 2012, orig. proceeding) (citing TEX. GOV'T CODE § 22.221(d)).

"Relator is entitled to discharge in a habeas corpus proceeding if the order requiring [her] confinement is void, either because the court that issued the order lacked jurisdiction to enter it or because it deprived relator of [her] liberty without due process of law." *Ex parte Keith*, No. 04-17-00641-CV, 2017 WL 5615494, at *2 (Tex. App.—San Antonio Nov. 22, 2017, orig. proceeding); *See also Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985) (orig. proceeding) (granting relief and discharging the relator from custody); *Ex parte Cox*, 479 S.W.2d 110, 113 (Tex. Civ. App.—Houston [1st Dist.] 1972, orig. proceeding) ("The object of the writ is to secure the release of a party from illegal custody, and not to allow [her] another tribunal to correct errors."). To obtain habeas relief, "it must be shown that the contemnor has undergone a restraint of liberty." *Ex parte*

*Hughey*, 932 S.W.2d at 310. Generally, "[a] mere judgment of contempt will not justify the granting of a writ of habeas corpus." *Ex parte Sealy*, 870 S.W.2d 663, 666 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). "[T]here must be some legal restraint other than mere moral suasion." *Ex parte Beamer*, 285 S.W. 255, 256 (Tex. 1926).

## ANALYSIS

Because the asserted restraint of relator's liberty directly flows from the violation of the trial court's Contempt Orders in a civil case, this matter fits within our narrow habeas corpus jurisdiction. *See In re Kuster*, 363 S.W.3d at 291-92 (citing TEX. GOV'T CODE § 22.221(d)).

Relator asserts that when the trial court issued the Capias order, her liberty was sufficiently restrained to be entitled to habeas relief. We agree. "A capias is a sufficient restraint of liberty to permit filing a petition for writ of habeas corpus." *In re Gonzalez*, 993 S.W.2d 147, 158 (Tex. App.—San Antonio 1999, no pet.); *see also Interest of J.V.O.*, No. 04-20-00346-CV, 2021 WL 3742678, at *2 (Tex. App.—San Antonio Aug. 25, 2021, no pet.). When scrutinizing an individual's constitutional right to be free from restraint without due process, we must bear in mind "there is no substantive difference between an arrest warrant and a capias." *Sharp v. State*, 677 S.W.2d 513, 517 (Tex. Crim. App. 1984) (en banc). The trial court's Capias order called for relator's arrest without further notice to relator. Relator is unable to exercise her liberty while this Capias order remains in effect. *See Ex parte Williams*, 690 S.W.2d at 244 (finding restraint on the petitioner's liberty where petitioner's "bond could be revoked at any time, resulting in his incarceration."). As the Capias order would be in effect absent the current emergency stay from this court, relator could be subject to arrest, restraint, and confinement to the jury room of the 45th Judicial District Court at any time. Thus, we find relator has satisfied her burden of showing a restraint on her liberty.

Relator and the Ad Litem dispute whether the Contempt Orders are void based on a deprivation of liberty without due process of law. The Ad Litem argues the assent of the Department's counsel of the on-the-record agreement bound relator to a voluntary confinement that did not restrain her liberty without due process. While relator was an employee of the Department, the record does not support a determination that the Department's counsel represented relator personally or that relator had delegated her authority to waive her due process rights to her employer or its counsel. The hearing transcript does not reflect that relator was at the hearing nor does the record reflect her awareness of an agreement for her confinement until placement was achieved. The right to be free from illegal restraint is a constitutional right held by relator. *See Ex parte Ramzy*, 424 S.W.2d 220, 223 (Tex. 1968) (orig. proceeding) (noting the purpose of a habeas corpus proceeding is to "obtain a speedy adjudication of a person's right to be free from illegal restraint."); *Louisiana Ry. & Nav. Co. v. State*, 7 S.W.2d 71, 72 (Tex. Comm'n App. 1928) ("The due process clause, . . . [is] not to be ignored or lightly treated, but being for the benefit of the citizen exclusively, the right under such clauses is one that may be waived . . . ."). Although the Department agreed to a restraint on relator's liberty, relator has not agreed to such restraint.

Reading the Contempt Orders together, it is apparent relator is being held in contempt of court. *See Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding) ("Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority *cf. Clark v. Hastings Equity Partners, LLC*, No. 01-20-00749-CV, 2022 WL 175337, at *11 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, no pet.) (Goodman, J. concurring) (opining court could read two related temporary injunction orders as a "unified whole."). The trial court's Capias order commands relator to be brought before the trial court for a hearing with the intent to find relator in contempt of court. The April 18 order states relator has "intentionally disregard[ed] the court's order and that contemptuous relief can be sought."

To satisfy due process, the "alleged contemnor [must] be personally served with a show cause order or that it be established that [she] had knowledge of the content of such order." *Ex parte Blanchard*, 736 S.W.2d 642, 643 (Tex. 1987) (per curiam). As indicated *supra*, the record does not show relator was present at the April 13 hearing. Neither the trial court nor the Ad Litem provided evidence purporting to show relator's alleged disobedient conduct occurred in the presence of the court. *See In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 633 (Tex. App.—El Paso 2016, orig. proceeding) ("It is well established that constructive notice of the contempt hearing or contempt allegations is constitutionally inadequate."). There is no indication that the trial court apprised the relator of the accusations against her through a show cause order or a legal equivalent. To the contrary, the Capias order specifically stated no further notice was to be given to the relator. Because the relator was not afforded due process notice of the accusations against her, the Contempt Orders are null and void.[5] *See Ex parte Blanchard*, 736 S.W.2d at 643.

### CONCLUSION

We conclude portions of the trial court's April 14, 2022 and April 18, 2022 orders unlawfully restrained relator's liberty. We further hold the Capias order is void. Accordingly, we conditionally grant the petition for writ of habeas corpus and direct the trial court, no later than fifteen days from the date of this opinion, to vacate the following: (1) decretal paragraph 3.2. of the April 14, 2022 Emergency Order; (2) decretal paragraphs 2.2. and 2.3. of the April 18, 2022 Emergency Order; and (3) the Order for Writ of Capias and Setting of Bond signed on April 14, 2022.

Lori I. Valenzuela, Justice

---

[5] Because we have found the Contempt Orders violated relator's due process rights and are therefore void, we do not reach the merits of the Ad Litem's argument that the Capias order is lawful under the Texas Family Code.