

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-22-00294-CV

**IN REGARD TO M.T.M.S.**

Original Habeas Corpus Proceeding[1]

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: June 29, 2022

PETITION FOR WRIT OF HABEAS CORPUS CONDITIONALLY GRANTED

Relator M.T.M.S., a child in the temporary conservatorship of the Texas Department of Family and Protective Services (the "Department"), filed a petition for writ of habeas corpus requesting this court void an order which unlawfully restrains her liberty. Relator asserts she was unlawfully restrained when the trial court issued a Capias order without authority under the Family Code and without due process. We conditionally grant the petition for writ of habeas corpus.

### BACKGROUND

The focus of the underlying case is a fifteen-year-old child, M.T.M.S. The Department has been the temporary managing conservator of M.T.M.S. since March 26, 2021. Several status hearings were held in the spring of 2022, which produced the issuance of orders covering a vast

---

[1] This proceeding arises out of Cause No. 2021-PA-00518, styled *In the Interest of M.T.M.S., a Child*, pending in the 131st Judicial District Court, Bexar County, Texas. The Honorable Mary Lou Alvarez presiding over the order at issue.

array of topics. One of the topics of these orders was M.T.M.S.'s run away from her placement in early May 2022.

Following the run away, M.T.M.S. was placed under the constant supervision of Department employees. Specifically, a Department worker was to be present and near the window of M.T.M.S.'s hotel room. However, when one of the workers supervising M.T.M.S. moved her items from the doorway of the bedroom to another room, M.T.M.S. escaped through the window. M.T.M.S. could not be immediately located. On May 10, 2022, the trial court signed an order granting Writ of Attachment wherein respondent commanded law enforcement use "reasonable and necessary force" to bring M.T.M.S. back to the custody of the Department.

On May 13, 2022, as M.T.M.S.'s whereabouts were still unknown, the trial court issued a Writ of Capias and Location of Child with Assistance of Electronic Data ("Capias order"). The Capias order stated that any sheriff or peace officer within Texas is commanded to bring M.T.M.S. before the trial court for a hearing "as required by the Texas Family Code." Additionally, the Capias order allowed for law enforcement to utilize "all means to locate M.T.M.S. including the 'pinging'" of her cell phone and other location-identifying data for the sole purpose of producing her in the trial court.

The Department standing in loco parentis, filed a writ of habeas corpus on behalf of relator-M.T.M.S. arguing that the Capias order was a contempt order and because M.T.M.S. was not afforded due process, the Capias order should be quashed and rendered void.[2] Real parties in interest and respondent did not file a response.

---

[2] The petition filed by the Department indicates M.T.M.S. was located by law enforcement on May 17, 2022.

**STANDARD OF REVIEW**

A writ of habeas corpus "is in the nature of a collateral attack and its purpose is not to determine the ultimate guilt or innocence of the relator, but only to ascertain whether the relator has been unlawfully imprisoned." *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding); *see also Ex parte Hughey*, 932 S.W.2d 308, 310 (Tex. App.—Tyler 1996, orig. proceeding) ("An original habeas corpus proceeding is a collateral attack on a contempt judgment."). This court's habeas corpus jurisdiction is limited to "when the contemnor's confinement is on account of a violation of an order, judgment, or decree previously made in a civil case." *In re Kuster*, 363 S.W.3d 287, 291 (Tex. App.—Amarillo 2012, orig. proceeding) (citing TEX. GOV'T CODE ANN. § 22.221(d)).

"Relator is entitled to discharge in a habeas corpus proceeding if the order requiring [her] confinement is void, either because the court that issued the order lacked jurisdiction to enter it or because it deprived relator of [her] liberty without due process of law." *Ex parte Keith*, No. 04-17-00641-CV, 2017 WL 5615494, at *2 (Tex. App.—San Antonio Nov. 22, 2017, orig. proceeding) (mem. op.); *see Ex parte Cox*, 479 S.W.2d 110, 113 (Tex. Civ. App.—Houston [1st Dist.] 1972, orig. proceeding) ("The object of the writ is to secure the release of a party from illegal custody, and not to allow [her] another tribunal to correct errors."). For habeas relief to be proper, "it must be shown that the contemnor has undergone a restraint of liberty." *Ex parte Hughey*, 932 S.W.2d at 310. Generally, "[a] mere judgment of contempt will not justify the granting of a writ of habeas corpus." *Ex parte Sealy*, 870 S.W.2d 663, 666 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). "[T]here must be some legal restraint other than mere moral suasion." *Ex parte Beamer*, 285 S.W. 255, 256 (Tex. 1926).

**ANALYSIS**

Relator asserts that when the trial court issued the Capias order her liberty was sufficiently restrained to be entitled to habeas relief. We agree. "A capias is a sufficient restraint of liberty to permit filing a petition for writ of habeas corpus." *In re Gonzalez*, 993 S.W.2d 147, 158 (Tex. App.—San Antonio 1999, no pet.); *see also Interest of J.V.O.*, No. 04-20-00346-CV, 2021 WL 3742678, at *2 (Tex. App.—San Antonio Aug. 25, 2021, no pet.) (mem. op.). When scrutinizing an individual's constitutional right to be free from restraint without due process, we must bear in mind that "there is no substantive difference between an arrest warrant and a capias." *Sharp v. State*, 677 S.W.2d 513, 517 (Tex. Crim. App. 1984) (en banc). The trial court's Capias order called for relator's arrest without further notice to relator. Relator is unable to exercise her liberty while this Capias order remains in effect. *See Ex parte Williams,* 690 S.W.2d 243, 244 (Tex. 1985) (orig. proceeding) (finding restraint on the petitioner's liberty where petitioner's "bond could be revoked at any time, resulting in his incarceration."); *see also Ex parte Beamer*, 285 S.W. at 256. When the Capias order was issued without further notice to relator, this was a restraint on her liberty. We find relator has satisfied her burden of showing a restraint on her liberty when the trial court issued the Capias order.

We must next determine whether the restraint on relator's liberty was done without due process, rendering the restraint unlawful. Relator argues the Capias order was the trial court exercising its contempt authority. We agree. When reading the Capias order with deference to the trial court, it is apparent relator is being held in contempt of court. *See In re Tex. Dep't of Family & Protective Servs.*, No. 04-22-00226-CV, 2022 WL 1751013, at *3 (Tex. App.—San Antonio June 1, 2022, orig. proceeding) (mem. op.); *see Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding) ("Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority.").

The Capias order was issued following relator's failure to appear at a permanency hearing held in accordance with the Texas Family Code. *See* TEX. FAM. CODE ANN. § 263.302. Section 263.302 states "[t]he child shall attend each permanency hearing unless the court specifically excuses the child's attendance . . . [f]ailure by the child to attend a hearing does not affect the validity of an order rendered at the hearing." *Id.* On its face, section 263.302 does not provide an enforcement mechanism should a child fail to appear at the permanency hearing. When analyzing whether a right of enforcement exists within a statute, courts implore a "rule of strict construction to statutory enforcement schemes and imply causes of action only when the drafters' intent is clearly expressed from the language as written." *Abbott v. G.G.E*, 463 S.W.3d 633, 651 (Tex. App.—Austin 2015, pet. denied) (citing *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004)). "Whether a statute provides a specific right of enforcement" must be determined under statutory construction principles. *G.G.E*, 463 S.W.3d at 651. "[I]t is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible." *Perkins v. State*, 367 S.W.2d 140, 146 (Tex. 1963). This court "must not add words to the statute that are not there, and we must not ignore the words the Legislature has chosen, either, particularly in situations where we are being urged to read grants of authority from statutory silence." *Abbott v. City of San Antonio*, No. 04-21-00342-CV, 2021 WL 5217636, at *3 (Tex. App.—San Antonio Nov. 10, 2021, pet. filed) (citing *Newman v. Obersteller*, 960 S.W.2d 621, 625 (Tex. 1997) (Abbott, J., dissenting)).

If the Legislature intended for the trial court to have the power to condemn and enforce the failure of a child to appear at a permanency hearing, the Legislature would have stated so. Here it did not. *See Abbott*, 2021 WL 5217636, at *5 (noting the Legislature would have included the necessary application of a statutory scheme if so intended). In fact, the Legislature intended for

orders rendered at the permanency hearing in a child's absence to remain valid. *See* TEX. FAM. CODE § 263.302. The Legislature chose to incorporate the validity of orders in the child's absence but refrained from adding language to penalize a child who does not attend a permanency hearing. *See Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 52 (Tex. 2014). Thus, within the statutory scheme itself, section 263.302 does not contain an enforcement mechanism, such as contempt of court, in the event a child is not present at a permanency hearing.

When the trial court issued the Capias order because of M.T.M.S.'s failure to appear, the trial court had to afford M.T.M.S. notice of the contempt order proceeding. *See Ex parte Blanchard*, 736 S.W.2d 642, 643 (Tex. 1987) (per curiam). A requirement of valid contempt orders is that the alleged disobedient party was provided notice sufficient to satisfy due process principles. *Id.* To satisfy due process, the "alleged contemnor [must] be personally served with a show cause order or that it be established that [she] had knowledge of the content of such order." *Id.* at 643. As indicated *supra*, the record does not show relator has been served with such notice. Further, the record does not indicate evidence purporting to show relator's alleged disobedient conduct occurred in the presence of the court—which would remove the service requirement. *See In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 633 (Tex. App.—El Paso 2016, orig. proceeding) ("It is well established that constructive notice of the contempt hearing or contempt allegations is constitutionally inadequate."). There is no indication that the trial court apprised relator of the accusations against her through a show cause order or a legal equivalent. There is no indication from this record that a previous order commanded relator to appear. Because relator was not afforded due process notice of the accusations against her, the Capias order is null and void. *See Ex parte Blanchard*, 736 S.W.2d at 643.

**CONCLUSION**

We conclude relator was sufficiently restrained without due process; therefore, the Capias order is void. Accordingly, we conditionally grant the petition for writ of habeas corpus and direct the trial court, no later than fifteen days from the date of this opinion, to vacate trial court's order for writ of capias and location of child with assistance of electronic data signed on May 13, 2022.

Lori I. Valenzuela, Justice