

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00455-CV
_____

EX PARTE DUSTIN HALE

ORIGINAL PROCEEDING

February 29, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator, Dustin Hale, petitions this Court for writ of habeas corpus. We deny the petition.

**BACKGROUND**

By order dated December 11, 2023, the Honorable James Anderson held Hale in contempt of court for ten violations of a lifetime protective order that had been entered against Hale in favor of Brooke Robinson in July of 2022. The trial court ordered Hale to be confined in the Randall County Jail for 180 days. Hale was also ordered to pay costs and attorney's fees in the amount of $3,565 to Robinson's attorney. On December 22,

2023, Hale filed the instant petition for writ of habeas corpus. Along with his petition, he filed a request for emergency relief, which this Court denied.

On January 5, 2024, the trial court suspended the remaining 154 days of Hale's sentence and ordered that Hale be released from jail. Hale was placed on probation for five years and required to comply with the trial court's orders. He was also ordered to pay attorney's fees in the amount of $3,565 by January 30, 2024, and attorney's fees in the amount of $7,371.25, plus $123 in costs, by March 28, 2024.[1]

## LAW AND ANALYSIS

Habeas corpus is available to review a contempt order entered by a lower court confining a contemnor. *Ex parte Gordon*, 584 S.W.2d 686, 687–88 (Tex. 1979) (orig. proceeding). The purpose of a civil habeas corpus proceeding is to secure the release of a person restrained by an order issued by a court or judge because of the violation of a previously issued order, judgment, or decree. *See* TEX. GOV'T CODE ANN. § 22.221(d).

To be entitled to a writ of habeas corpus, an applicant must be illegally restrained. *Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). The typical restraint of liberty is actual confinement, but courts have extended the term beyond imprisonment. For example, requiring a contemnor to post bond to avoid commitment constitutes a restraint on liberty. *See Ex parte Williams*, 690 S.W.2d 243, 244 (Tex. 1985) (orig. proceeding) (acknowledging that "one may be in custody for habeas corpus purposes despite the fact

---

[1] The first amount is for attorney's fees Robinson incurred in connection with the entry of the Lifetime Protective Order in July of 2022. The second amount is for attorney's fees incurred in the enforcement action in December of 2023.

2

that such person has been released from jail on bail or personal bond"). Restraint of liberty can also include probation when the terms of the probation include some type of tangible restraint of liberty. *In re Ragland*, 973 S.W.2d 769, 771 (Tex. App.—Tyler 1998, orig. proceeding) (citing *Ex parte Brister*, 801 S.W.2d 833, 834–35 (Tex. 1990) (orig. proceeding) (contemnor required to submit to house arrest and electronic monitoring); *Ex parte Duncan*, 796 S.W.2d 562, 564 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (per curiam) (contemnor required to report to probation officer monthly and could not leave county without court permission)). But "when a jail sentence is probated without any type of tangible restraint of liberty, a contemnor is not restrained for purposes of habeas corpus relief when she is merely ordered to make payments that the trial court adjudges that she owes or otherwise comply with the trial court's orders." *In re Parker*, No. 14-08-01070-CV, 2008 Tex. App. LEXIS 9136, at *2 (Tex. App.—Houston [14th Dist.] Dec. 4, 2008, orig. proceeding) (mem. op.) (per curiam) (citing *Ex parte Hughey*, 932 S.W.2d 308, 310 (Tex. App.—Tyler 1996, orig. proceeding)); *see also Ex parte Shaw*, No. 07-01-00196-CV, 2001 Tex. App. LEXIS 2974, at *1 (Tex. App.—Amarillo May 8, 2001, orig. proceeding).

Real party in interest Robinson argues that Hale has no restraint on his liberty because he has been released, his sentence has been suspended, and he has been placed on probation under terms that do not constitute a restraint on his liberty. We agree. Hale is not in jail, under house arrest, or subject to reporting requirements. *See Ex parte Hughey*, 932 S.W.2d at 310; *see also Ex parte Shaw*, 2001 Tex. App. LEXIS 2974, at *1. He is simply required to abide by the Lifetime Protective Order and other orders of the trial court and to pay attorney's fees incurred as a result of his failure to comply with the

3

trial court's orders.  We conclude Hale has failed to show any term of probation that restrains his liberty sufficient to warrant habeas relief.

## CONCLUSION

For the foregoing reasons, Hale's petition is denied.

Judy C. Parker
Justice