In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00458-CV**
_____

**IN RE SCOTT MITCHELL OBEGINSKI**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 24-11-18234**

**MEMORANDUM OPINION**

Scott Mitchell Obeginski filed a petition for a writ of habeas corpus.[1] He challenges as void the trial court's October 15, 2025, Commitment Order, which stated, in pertinent part:

> SCOTT MITCHELL OBEGINSKI shall serve twenty hours (20) [] for criminal contempt, then subsequently, SCOTT MITCHELL OBEGINSKI shall be released from custody, that being on October 16, 2025 at 8:00 a.m.

---

[1]The petition is defective in several respects. Obeginski omitted the identities of the Real Parties in Interest and counsel. *See* Tex. R. App. P. 52.3(a). He also failed to certify that he served a copy of his habeas corpus petition on counsel for the Real Parties in Interest. *See id.* 9.5. We use Rule 2, however, to look beyond these and other deficiencies to reach an expeditious result. *See id.* 2.

We may issue a writ of habeas corpus "when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." Tex. Gov't Code Ann. § 22.221(d). "The function of a writ of *habeas corpus* is to secure release from unlawful custody. Thus, it must be shown that the contemnor has undergone a restraint of liberty." *Ex parte Hughey*, 932 S.W.2d 308, 310 (Tex. App.—Tyler 1996, orig. proceeding [writ denied]) (citation omitted). A relator must show "some type of tangible restraint of liberty." *Id.* (citations omitted). Habeas corpus relief is not available if the relator fails to show if or how his liberties are currently restrained. *In re Kuster*, 363 S.W.3d 287, 293 (Tex. App.—Amarillo 2012, orig. proceeding) (denying mandamus relief and habeas corpus relief to relator seeking to void a contempt order that was no longer in effect).

"[I]f a writ of habeas corpus is sought," the relator must file with his petition "proof that the relator is being restrained." Tex. R. App. P. 52.3(k)(1)(D). The face of his habeas corpus petition demonstrates that Obeginski is not under any form of current restraint upon his liberty. Obeginski did not file a certificate of custody with the habeas corpus petition. In the petition, Obeginski uses the past tense to describe his custodial status.[2] He states he was taken into custody on October 15, 2025. The

---

[2]"Relator served actual jail time under this order."

2

Commitment Order ordered his release at 8:00 a.m. on October 16, 2025. Obeginski does not claim that the judge released him from the jail on any probationary terms.

We conclude Obeginski has failed to show a restraint of liberty sufficient to warrant relief through a writ of habeas corpus. Accordingly, we deny the petition for a writ of habeas corpus. *See id.* 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on November 19, 2025
Opinion Delivered November 20, 2025

Before Golemon, C.J., Wright and Chambers, JJ.